JOCELYN WUJCIK WOLFE & others[1] vs. FORD MOTOR
COMPANY & another.[2]

Suffolk. January 5, 1982. — May 3, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Joint Tortfeasors. Contribution. Warranty. Uniform Commercial
Code, Warranty. Statute, Construction.*

General Laws c. 231B, § 1 (*a*), which grants a right of contribution among
    parties "jointly liable in tort," embraces liability for breach of an im-
    plied warranty of merchantability under G. L. c. 106, §§ 2-314 and
    2-318. [98-100]
After an appeal from an order denying a defendant's motion for contribu-
    tion from a codefendant under G. L. c. 231B, which eventuated in the
    order being vacated, the motion judge was to consider on remand
    whether, on the basis of the trial record, the codefendant was entitled
    to indemnity against the moving party by reason of his own liability
    being solely vicarious [100-101], and whether the moving party's right
    of contribution may be set off by the codefendant's claim against it for
    breach of an implied warranty of merchantability [101].


CONTRACT AND TORT. Writ in the Superior Court dated
February 8, 1972.

After review by the Appeals Court reported at 6 Mass.
App. Ct. 346 (1978) a motion for contribution was heard in
the Superior Court by *Adams*, J.

The Supreme Judicial Court ordered direct appellate re-
view on its own initiative.

*Mary K. Ryan (Charles F. Barrett* with her) for Ford
Motor Company.

*James G. Nye, Jr.,* for Harold R. Donahue.

WILKINS, J. We hold that the defendant Ford Motor
Company (Ford), found to have negligently caused injury

---

[1] Alexis McLaughlin and Mary Ann McLaughlin.

[2] Harold R. Donahue, doing business as Donahue Travel Trailers.

to the plaintiffs, may seek contribution pursuant to G. L. c. 231B from the defendant Harold R. Donahue (Donahue), found liable for the same injuries to the same plaintiffs based on breach of warranty. At the center of the dispute is whether Donahue and Ford were "jointly liable in tort" within the meaning of those words in G. L. c. 231B, § 1 (a).[3] We conclude that they were.

The circumstances supporting judgments against each defendant are set forth in *Wolfe* v. *Ford Motor Co.*, 6 Mass. App. Ct. 346 (1978). There, the Appeals Court affirmed judgments in the same amount against Ford and Donahue. The plaintiffs, occupants of a truck-camper which suffered a tire blowout, were injured in a motor vehicle accident on April 18, 1970. The vehicle had been purchased from the defendant Donahue in March, 1969. Donahue had assembled the truck-camper using a new 1969 Ford pickup truck that he had purchased from a Ford dealer, and a camper unit that he had purchased from a different source.

The jury found, in answer to special questions, that the accident was caused by "a combination of the overloading in excess of the gross vehicle weight and the underinflation of the left rear tire of the vehicle." They found further that

---

[3] The portions of G. L. c. 231B, § 1, inserted by St. 1962, c. 730, § 1, relevant to this case read as follows:

"Section 1. (a) Except as otherwise provided in this chapter, where two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.

"(b) The right of contribution shall exist only in favor of a joint tortfeasor, hereinafter called tortfeasor, who has paid more than his pro rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share. No tortfeasor shall be compelled to make contribution beyond his own pro rata share of the entire liability.

"(c) . . .

"(d) . . .

"(e) This chapter shall not impair any right of indemnity under existing law. Where one tortfeasor is entitled to indemnity from another, the right of the indemnity obligee shall be for indemnity and not contribution, and the indemnity obligor shall not be entitled to contribution from the obligee for any portion of his indemnity obligation."

Ford had not given adequate warnings or taken reasonable measures to make known "the risks and dangers with respect to what could occur as a result of underinflation of tires or the imposition of weight in excess of the gross maximum weight of the vehicle." They found Donahue liable for breach of warranty in the sale of the vehicle, stating in the verdict slip that Donahue failed to give adequate information or warning.

After judgments were entered in the Superior Court, Ford paid the total amount of the judgments (approximately $70,000), and then moved for contribution from Donahue of one-half the total liability.[4] A Superior Court judge, not the trial judge who had retired, heard the motion and denied it. He concluded that because Donahue's liability was for breach of warranty and not for tort,[5] Donahue was not a joint tortfeasor for the purposes of G. L. c. 231B, § 1 (a), and was not required to contribute. Ford has appealed. We transferred the appeal here on our own motion.

Donahue argues, as the judge below ruled, that his liability for the breach of implied warranty of merchantability did not constitute liability "in tort" within the meaning of G. L. c. 231B, § 1 (a), and that consequently Ford is not entitled to contribution from him. The reasons for our rejecting this argument appear in three opinions of this court issued on July 6, 1978. In *Swartz* v. *General Motors Corp.*, 375 Mass. 628 (1978), and in *Back* v. *Wickes Corp.*, 375 Mass. 633 (1978), we commented that the theory imposing strict tort liability on a seller of a product for physical harm to users or consumers (as expressed in Restatement [Second] of Torts § 402A [1965]) is very similar to the theory of implied warranty provided by the Uniform Commercial Code, G. L. c. 106, §§ 2-314, 2-318. We noted that the Massa-

---

[4] General Laws c. 231B, § 3 (b), allows the filing of such a motion in an action where judgment has been entered against two or more tortfeasors for the same injury.

[5] He noted that Ford could proceed against Donahue by proving that Donahue was negligent and that, pursuant to G. L. c. 231B, § 3 (c) and (d), Ford had commenced a separate action against Donahue.

chusetts breach of warranty theory was "as comprehensive as the strict liability theory of [tort] recovery that has been adopted by a great many other jurisdictions" (*Back* v. *Wickes Corp., supra* at 639), and "as comprehensive as that provided by § 402A of the Restatement" (*Swartz* v. *General Motors Corp., supra* at 630). We concluded that "[t]he Legislature has made the Massachusetts law of warranty congruent in nearly all respects with the principles expressed in Restatement (Second) of Torts § 402A (1965)." *Back* v. *Wickes Corp., supra* at 640. These cases indicate that, however labeled, the theory under which the plaintiffs obtained judgment against Donahue was in essence similar to strict liability in tort.

The question remains whether G. L. c. 231B, § 1 (*a*), which grants a right of contribution among joint tortfeasors, should be read to embrace liability for breach of an implied warranty of merchantability. In reaching the conclusion that § 1 (*a*) should be read to include tort-like liability for breach of an implied warranty of merchantability under G. L. c. 106, §§ 2-314, 2-318, we are guided by the views about § 1 (*a*) expressed in the last of the three July 6, 1978, opinions referred to above, namely, *Hayon* v. *Coca Cola Bottling Co.*, 375 Mass. 644 (1978). There, we were faced with the question whether § 1 (*a*) included within its scope a tort claim by a wife against her husband. Subsequent to the enactment of G. L. c. 231B, in 1962 (St. 1962, c. 730, § 1), this court abolished the doctrine of interspousal immunity in motor vehicle tort actions (see *Lewis* v. *Lewis*, 370 Mass. 619, 629-630 [1976]), and concluded that that abrogation applied retroactively (*Pevoski* v. *Pevoski*, 371 Mass. 358 [1976]). In the *Hayon* case, we held that § 1 (*a*) applied to an interspousal tort claim. In discussing § 1 (*a*), we said: "The term 'liable in tort,' as used in § 1 (*a*) to create and define the statutory right of contribution, is broad in scope and not suitable language for implying a narrow or restricted range of application within the framework of potential tort defendants. It would therefore be contrary to the general legislative purpose to freeze [G. L.] c. 231B

within the specific tort concepts of 1963 [the year G. L. c. 231B became effective]. 'Statutes framed in general terms commonly look to the future and may include conditions as they arise from time to time not even known at the time of enactment, provided they are fairly within the sweep and the meaning of the words and falling within their obvious scope and purpose.' *Commonwealth* v. *Welosky,* 276 Mass. 398, 403 (1931), cert. denied, 284 U.S. 684 (1932)." *Hayon* v. *Coca Cola Bottling Co., supra* at 649.

We have thus recognized in prior cases that a claim for breach of warranty of merchantability is in essence a tort claim, and have previously concluded that § 1 (*a*) applies to torts founded on developing theories of tort liability. It is no major step, if it is a step at all, to conclude that Donahue, liable for breach of an implied warranty of merchantability, was "jointly liable in tort," within the meaning of § 1 (*a*), with Ford.

It is true, as Donahue argues, that both at the time of the sale of the truck-camper (May, 1969), and at the time of the accident (April, 1970), G. L. c. 106, § 2-318, had not yet been amended fully to eliminate a requirement of privity of contract for claims based on an implied warranty of merchantability. See St. 1971, c. 670, § 1. However, this circumstance does not help Donahue because the injured plaintiffs (the buyer's wife, daughter, and niece) were within the buyer's family and hence covered by the version of G. L. c. 106, § 2-318, which was in effect on those dates. See G. L. c. 106, § 2-318, inserted by St. 1957, c. 765, § 1 ("any natural person who is in the family or household of [the] buyer"). See *Wolfe* v. *Ford Motor Co.,* 6 Mass. App. Ct. 346, 356-357 (1978).

The fact that in *Swartz* v. *General Motors Corp., supra,* we declined to adopt the theory of strict liability does not make the claim against Donahue fall outside the scope of § 1 (*a*). There, a plaintiff was injured in an accident occurring in 1967, prior to the 1971 amendment of G. L. c. 106, § 2-318, which eliminated the privity requirement. Indeed,

in the *Swartz* opinion, we said that "[b]ut for the intervention of the Legislature, we should be inclined to reexamine the question whether our law ought to have continued to be out of harmony with the overwhelming weight of authority in other States," which apply strict liability. *Swartz* v. *General Motors Corp., supra* at 631.

In short, we find no magic in the label "warranty" but rather we look to the substantive quality of the claims against Donahue and find them to be essentially tort claims. The judge was in error in denying Ford's motion for contribution on the ground that Donahue was not "jointly liable in tort" within the meaning of G. L. c. 231B, § 1 (*a*).

There is ample authority for the proposition that contribution is appropriate between persons who are liable jointly in tort for the same injuries, even if they are liable on different theories of tort liability. Thus, a negligent defendant may obtain contribution from a person who was jointly liable on the theory of strict liability.[6] The converse is also true.[7] The statutory concern is with joint liability in tort for the same injury, not with whether such joint liability is based on the same theory. It was, therefore, not necessary for Ford to prove that Donahue was negligent in order to establish that Donahue was jointly liable in tort for purposes of G. L. c. 231B, § 1 (*a*).

Although Ford's motion for contribution should not have been denied on the ground relied on by the judge, the matter does not end there. The judge noted G. L. c. 231B, § 1 (*e*), which provides that "[t]his chapter shall not impair any right of indemnity under existing law," but he did not determine whether Donahue had a right of indemnity against

---

[6] See, e.g., *W.D. Rubright Co.* v. *International Harvester Co.,* 358 F. Supp. 1388, 1400 (W.D. Pa. 1973); *Safeway Stores, Inc.* v. *Nest-Kart,* 21 Cal. 3d 322, 328 (1978); *Cartel Capital Corp.* v. *Fireco of N.J.,* 81 N.J. 548, 567-568 (1980); *Sanchez* v. *Espanola,* 94 N.M. 676, 678 (Ct. App. 1980).

[7] See, e.g., *Chamberlain* v. *Carborundum Co.,* 485 F.2d 31, 34 (3d Cir. 1973); *Bristol-Myers Co.* v. *Gonzales,* 548 S.W.2d 416, 427-428 (Tex. Civ. App. 1976).

Ford. Donahue has not argued this issue before us. We cannot be certain, on Ford's appeal, that every matter in the record on which Donahue might rely is contained in the record appendix. Donahue would be entitled to indemnity (and hence to the denial of Ford's motion for contribution), if his liability to the plaintiffs was solely derivative or vicarious, that is, based on a "pass through" of Ford's wrongful acts. See *Shea* v. *Bay State Gas. Co.*, 383 Mass. 218, 223 (1981), and cases cited. The jury's verdicts and answers to special questions do not indicate the basis for Donahue's liability in such a way that we can determine whether his liability was or was not solely vicarious. In hindsight, it is easy to note that this issue could have been resolved after the jury's verdicts were returned, either by submission of the question to the trial judge for his finding or, if Donahue or Ford wanted a jury determination of that question, by submission of the indemnity claim to the jury. If Donahue cannot demonstrate on the present record before the Superior Court that he was only liable vicariously, Donahue will not be entitled to use indemnity as a bar to contribution (assuming that he had an adequate opportunity to present his case in this respect when Ford's motion for contribution was considered).

The judge also suggested, but did not decide, that "Ford's right of contribution may be limited or set off entirely by a claim under" U.C.C. § 2-314 (G. L. c. 106, § 2-314) by Donahue for breach by Ford of an implied warranty of merchantability. Donahue has not argued this issue before us either. Again, we are reluctant to try to dispose of this matter without further consideration of the question in the Superior Court. We do not know whether Donahue relied on such a claim below, independent of any claim for indemnity. There is a question whether Donahue's claim for breach of warranty may be properly asserted against Ford from whom he did not directly purchase the truck in 1969. Also, it may be that if Donahue cannot demonstrate that he was free from fault (except for his vicarious liability), he should not be entitled to any set-off.

The order denying the motion of Ford Motor Company for contribution from the codefendant Harold R. Donahue, pursuant to G. L. c. 231B, § 3 (*b*), is vacated, and the case is remanded for further consideration in the Superior Court.

*So ordered.*