513 A.2d 403

**Jane SVETZ, Trustee Ad Litem for Ignatius SVETZ, Deceased**

v.

**LAND TOOL COMPANY and Royal Distributors, Inc. t/a Royal Auto Supply**

v.

**V.J.L., INC. t/a Orchard View Inn and John Yorck.**

**Appeal of LAND TOOL COMPANY.**

Superior Court of Pennsylvania.

Argued March 12, 1986.

Filed July 24, 1986.

Gerald J. Cohen, Philadelphia, for appellant.

James C. Haggerty, Philadelphia, for Yorck, appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

May a defendant who has been sued on theories of negligence and strict liability for damages allegedly caused by a defective product join as additional defendants those persons whose acts of negligence are alleged by him to be the sole or contributing causes of the plaintiff's injuries? The trial court held that such joinder was improper and granted the additional defendants' motions for summary judgment with prejudice. We reverse.

Ignatius Svetz, while operating a motorcycle in a westwardly direction on Route 422 in Montgomery County on June 5, 1980, lost control of his vehicle, fell, and struck his head on the pavement. The impact caused the helmet which he was wearing to split, and Svetz sustained head injuries which caused his death. His trustee ad litem, Jane Svetz, filed wrongful death and survival actions against Land Tool Company, the manufacturer of the helmet, and against Royal Auto Supply, the retailer. The complaint set forth, in separate counts, causes of action sounding in (1) negligence and (2) strict liability. Land Tool Company, the manufacturer, joined as additional defendants (1) V.J.L., Inc., t/a Orchard View Inn, where the decedent, prior to the accident, had allegedly consumed alcoholic beverages while visibly intoxicated, and (2) John Yorck, with whom the decedent allegedly had been racing at the time when the decedent lost control of his motorcycle. Because of independent acts of negligence, it was alleged in the defendant's complaint, the additional defendants were alone liable to the plaintiff, or jointly liable with Land Tool Company on the cause of action alleged by the plaintiff, or liable over to Land Tool Company on such cause of action. Subsequently, both additional defendants filed motions for summary judgment. They argued that in a case of strict liability for a defective product, a defendant manufacturer is barred from joining an additional defendant whose liability, if any, is

premised upon negligence. The trial court accepted this argument and, by separate orders, granted the motions for summary judgment and dismissed "all claims" against the additional defendants "with prejudice."

██ The right to join one or more additional defendants is granted by Pa.R.C.P. 2252(a) in the following language:

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action *who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him,* or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based. (emphasis added).

This rule permits the joinder of an additional defendant when any one of the following four bases of liability has been alleged: (1) that the additional defendant is solely liable to the plaintiff; (2) that the additional defendant is liable over to the joining party on the cause of action alleged; (3) that the additional defendant is jointly or severally liable with the joining party on the cause of action alleged by the plaintiff; or (4) that the additional defendant is liable to the joining party on any cause of action asserted by the joining party which arises out of the same transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based. The rule permitting the joinder of additional defendants is to be broadly construed to effectuate its purpose of avoiding multiple lawsuits "by settling in one action all claims arising out of the transaction or occurrence which gave rise to the plaintiff's complaint." *Township of Upper Makefield v. Benjamin Franklin Federal Savings & Loan Association,* 271 Pa.Super. 399, 402, 413 A.2d 726, 728 (1979). See: *Incollingo v. Ewing,* 444 Pa. 263, 289–291, 282 A.2d 206,

220–221 (1971); *American Metal Fabricators Co. v. Goldman*, 227 Pa.Super. 284, 287, 323 A.2d 891, 893 (1974).

In the instant case, the appellant-manufacturer asserted three separate bases for joining appellees as additional defendants: (1) that appellees were alone liable to the plaintiff; (2) that appellees were jointly or severally liable with appellant, i.e., for contribution; and (3) that appellees were liable over to the appellant-manufacturer by way of indemnification. The only substantive limitation placed upon the right to join an additional defendant on any of these grounds is that liability must be premised upon the same cause of action alleged by the plaintiff in his or her complaint.[1] Pa.R.C.P. 2252(a). See: *Township of Upper Makefield v. Benjamin Franklin Federal Savings & Loan Association, supra* 271 Pa.Super. at 402–403, 413 A.2d at 728; *Harker v. Farmers Trust Co.*, 248 Pa.Super. 427, 430, 375 A.2d 171, 173 (1977).

"Cause of action" has been defined as

[t]he fact or facts which give a person a right to judicial relief. The legal effect of an occurrence. A situation or state of facts which would entitle party to sustain action and give him right to seek a judicial remedy in his behalf.

Black's Law Dictionary (5th ed. 1979). The words "cause of action" as used in the rule must be construed "to mean 'damages or injuries.' " *Staub v. Southwest Butler County School District*, 263 Pa.Super. 413, 421, 398 A.2d 204, 207 (1979), *aff'd*, 489 Pa. 196, 413 A.2d 1082 (1980). See: 8 Goodrich-Amram 2d § 2252(a):6. In construing the rule, a number of principles are to be kept in mind. Generally applicable to all the rules of civil procedure is Rule 126 which provides that "[t]he rules shall be liberally constructed [sic] to secure the just, speedy and inexpensive

1. Since 1969, when Pa.R.C.P. 2252(a) was amended, joinder may also be based upon the independent ground that the additional defendant is liable to the defendant upon a separate cause of action which arises out of the occurrences upon which the plaintiff's cause of action is based. See: 8 Goodrich-Amram 2d § 2252(a):5. In the instant case, however, the appellant-manufacturer did not allege that the additional defendants were liable to the appellant-manufacturer upon a separate cause of action.

determination of every action or proceeding to which they are applicable." Such an approach is particularly pertinent where multiple parties are involved since in such cases the primary intent of the rules is to avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit. *Martinelli v. Mulloy*, 223 Pa.Super. 130, 299 A.2d 19 (1972). This Court has favored the policy of broadly interpreting Rule 2252 "not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution." *Martinelli v. Mulloy, supra*, 223 Pa.Superior Ct. at 135, 299 A.2d 21.

*Ragan v. Steen*, 229 Pa.Super. 515, 525–526, 331 A.2d 724, 730 (1974).

■ The cause of action alleged by the plaintiff in the case *sub judice* was for damages resulting from the death of her decedent when the motorcycle being operated by the decedent went out of control and crashed. The plaintiff's complaint averred that a defective helmet had been a substantial factor in causing death. The appellant-manufacturer denied that the helmet had been defective and alleged that the decedent's loss of control, and hence his death, had been caused by the decedent's engaging in a race, while intoxicated, with another motorcyclist. Therefore, appellant joined as additional defendants the tavern keeper who, allegedly, had served alcoholic beverages to the decedent while the decedent was visibly intoxicated and the motorcyclist who had engaged in a race with the decedent. Because the additional defendants' alleged liabilities arose from the same cause of action sued upon by the plaintiff, i.e., for the fatal injuries sustained by the decedent as a result of the motorcycle accident, joinder of appellees as additional defendants was expressly allowed by Pa.R.C.P. 2252(a). It may well be that for this reason alone joinder can be

sustained in this case. The trial court's opinion, however, cites additional reasons for dismissing the joinder of appellees as additional defendants; and, therefore, we proceed to a consideration of those issues.

■ It will be recalled that the trial court held joinder improper because plaintiff's claim against the appellant-manufacturer was based on principles of strict liability; whereas, the appellant-manufacturer's claim for contribution from the additional defendants was based on negligence. However, the trial court overlooked the fact that plaintiff's cause of action against the appellant-manufacturer, as pleaded in separate counts of her complaint, was based on two theories, not one. The first count contained averments that the manufacturer had been guilty of negligence in designing and manufacturing the helmet worn by the decedent. Only the second count was based on principles of strict liability. In view of the averments of the first count of the complaint, joinder of additional defendants on theories of joint negligence was clearly proper. There was no reason for refusing to allow in one and the same action a claim by the defendant that the negligence of the additional defendants had contributed causally to the death of plaintiff's decedent.

The trial court's suggestion that a defendant who is liable under principles of strict liability is not entitled to seek contribution from one whose negligence combines to cause harm, moreover, is not consistent with the law in this Commonwealth. The Uniform Contribution Among Tortfeasors Act in Pennsylvania provides that a joint tortfeasor who has discharged more than his pro rata share of a common liability may seek contribution from any other tortfeasor who contributed to the loss. See: 42 Pa.C.S. § 8324(b). The doctrine of contribution is based on equity. Therefore, the Act must be examined with equity in mind. *Mong v. Hershberger*, 200 Pa.Super. 68, 72, 186 A.2d 427, 429 (1962). See: Comment, *Another Look at Strict Liability: The Effect on Contribution Among Tortfeasors*, 79 Dick.L.Rev. 125, 130 (1974). See also: *Panichella v. Penn-*

*sylvania Railroad Co.,* 167 F.Supp. 345 (W.D.Pa.1958), *rev'd on other grounds,* 268 F.2d 72 (3d Cir.1959), *cert. denied,* 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960); *Massachusetts Bonding & Insurance Co. v. Car & General Insurance Corp.,* 152 F.Supp. 477 (E.D.Pa.1957); *Swartz v. Sunderland,* 403 Pa. 222, 169 A.2d 289 (1961); *Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959); *Mellon Estate,* 347 Pa. 520, 32 A.2d 749 (1943); *Stark v. Posh Construction Co.,* 192 Pa.Super. 409, 162 A.2d 9 (1960); *Fisher v. Diehl,* 156 Pa.Super. 476, 40 A.2d 912 (1945).

 The focus of the Uniform Act is on the relationship existing between tortfeasors rather than the manner in which several tortfeasors have been held liable to an injured claimant. Comment, *supra* at 130. In *Puller v. Puller,* 380 Pa. 219, 221, 110 A.2d 175, 177 (1955), the Supreme Court observed that "contribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done." Accord: *Coniaris v. Vail Associates, Inc.,* 196 Colo. 392, 586 P.2d 224 (1978) (claim for contribution is separate and distinct from underlying tort; the rights and obligations of the defendants flow not from the tort, but from the judgment or settlement itself). Thus, a tortfeasor's right to receive contribution from a joint tortfeasor derives not from his liability to the claimant but rather from the equitable principle that once the joint liability of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other. It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff. So long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable under the Act to deny that party's right to contribution from a second tortfeasor who also contributed to the plaintiff's injury.

 This equitable consideration is confirmed expressly by the language of the Uniform Act. "Joint tortfeasors" are defined as "two or more persons jointly or severally

liable in tort for the same injury to persons or property...." 42 Pa.C.S. § 8322. The statutory language does not limit the right of contribution to tortfeasors who have been guilty of negligence. Contribution is available whenever two or more persons are jointly or severally liable in tort, irrespective of the theory by which tort liability is imposed. See: *Smith v. Kolcraft Products, Inc.*, 107 F.R.D. 767, 770 (M.D.Pa.1985) (interpreting Pennsylvania law). We hold, therefore, that defendants who are liable under principles of strict liability and defendants who are liable because of negligence may be joint tortfeasors. See: *Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22, 25 (3d Cir.1986) (concluding that, under Pennsylvania law, strictly liable and negligent defendants may be joint tortfeasors); *Chamberlain v. Carborundum Co.*, 485 F.2d 31, 34 (3d Cir.1973) (same). See also: *Capone v. Donovan*, 332 Pa.Super. 185, 189, 480 A.2d 1249, 1251 (1984); *Pratt v. Stein*, 298 Pa.Super. 92, 150, 444 A.2d 674, 704–705 (1982); *Voyles v. Corwin*, 295 Pa.Super. 126, 130, 441 A.2d 381, 383 (1982); *Lasprogata v. Qualls*, 263 Pa.Super. 174, 179 n. 4, 397 A.2d 803, 805 n. 4 (1979).

It follows of necessity that where strictly liable and negligent defendants have acted as joint tortfeasors, contribution among them can properly be awarded.[2] Although this precise issue has not previously been considered by the appellate courts of this Commonwealth, a majority of those courts which have considered the issue have reached the same result. At least two common pleas courts have considered the same issue and have found a right of contribution among negligent and strictly liable defendants. See: *Capuano v. Echo Bicycle Co.*, 27 D. & C.3d 524 (Northampton Cty.1982); *Stewart v. Uniroyal, Inc.*, 72 D. & C.2d 206 (Allegheny Cty.1975), *aff'd mem.*, 238 Pa.Super. 726, 356 A.2d 821 (1976). A substantial majority of those federal courts interpreting Pennsylvania law have also applied the Uniform Act to defendants held liable under theories of

---

2. We here express no opinion regarding the effect of the Comparative Negligence Act, 42 Pa.C.S. § 7102, upon the award of contribution between such joint tortfeasors.

negligence and strict liability. See, e.g., *Rabatin v. Columbus Lines, Inc., supra; Chamberlain v. Carborundum Co., supra; Smith v. Kolcraft Products, Inc., supra; W.D. Rubright Co. v. International Harvester Co.,* 358 F.Supp. 1388 (W.D.Pa.1973); *Walters v. Hiab Hydraulics, Inc.,* 356 F.Supp. 1000 (W.D.Pa.1973).[3] Of the twenty other states which have adopted a version of the Uniform Contribution Among Tortfeasors Act,[4] the courts of eight have held that a common theory of recovery (e.g., all defendants liable to plaintiff for negligence or all defendants strictly liable) is not a prerequisite to contribution. See: *Clark v. Brooks,* 377 A.2d 365 (Del.Super.1977), *aff'd sub nom., Blackshear v. Clark,* 391 A.2d 747 (Del.1978); *Wallace v. Strassel,* 479 So.2d 231 (Fla.Dist.Ct.App.1985); *Wolfe v. Ford Motor Co.,* 386 Mass. 95, 434 N.E.2d 1008 (1982); *Farmers Insurance Exchange v. Village of Hewitt,* 274 Minn. 246, 143 N.W.2d 230 (1966); *White v. McKenzie Electric Cooperative, Inc.,* 225 F.Supp. 940 (D.N.D.1964) (applying North Dakota law); *Cartel Capital Corp. v. Fireco of New Jersey,* 81 N.J. 548, 410 A.2d 674 (1980); *Sanchez v. City of Espanola,* 94 N.M. 676, 615 P.2d 993 (Ct.App.1980), *rev'd on other grounds sub nom., Aalco Manufacturing Co. v. City of Espanola,* 95 N.M. 66, 618 P.2d 1230 (1980); *City of Kingsport v. SCM Corp.,* 429 F.Supp. 96 (E.D.Tenn.1976) (applying Tennessee law). Three of these courts have held specifically that contribution between a strict liability defendant and a negligent co-defendant is proper and permissible. See: *Wolfe v. Ford Motor Co., supra* (finding right of contribution be-

**3.** But see: *Bike v. American Motors Corp.,* 101 F.R.D. 77 (E.D.Pa.1984); *Conti v. Ford Motor Co.,* 578 F.Supp. 1429 (E.D.Pa.1983), *rev'd on other grounds,* 743 F.2d 195 (3d Cir.1984), *cert. denied,* 470 U.S. 1028, 105 S.Ct. 1396, 84 L.Ed.2d 784 (1985). The reasoning of these decisions was sharply criticized by the Court of Appeals for the Third Circuit in *Rabatin, supra* at 24 n. 1.

**4.** These states include Alaska, Arizona, Arkansas, Colorado, Delaware, Florida, Hawaii, Maryland, Massachusetts, Mississippi, Nevada, New Jersey, New Mexico, North Carolina, North Dakota, Ohio, Rhode Island, South Dakota, Tennessee and Wyoming. Arizona has amended its version of the Act to apply expressly to tortfeasors held liable under a theory of strict liability. See: Ariz.Rev.Stat.Ann. § 12–2509 (Supp.1984).

tween negligent defendant and defendant held liable under warranty theory, which Massachusetts equates with strict liability); *Cartel Capital Corp. v. Fireco of New Jersey, supra; Sanchez v. City of Espanola, supra.* The same result has also been reached in at least five jurisdictions which have not adopted the Uniform Act. See: *Safeway Stores, Inc. v. Nest-Kart,* 21 Cal.3d 322, 579 P.2d 441, 146 Cal.Rptr. 550 (1978); *Skinner v. Reed-Prentice Division Package Machinery Co.,* 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1977), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); *Bristol-Myers Co. v. Gonzales,* 548 S.W.2d 416 (Tex.Civ.Ct.App.1976), *rev'd on other grounds,* 561 S.W.2d 801 (Tex.1978); *Northwestern Mutual Insurance Co. v. Stromme,* 4 Wash.App. 85, 479 P.2d 554 (1971); *Ladwig v. Ermanco, Inc.,* 504 F.Supp. 1229 (E.D.Wis.1981) (applying Wisconsin law). Today, we join those courts which have permitted contribution among tortfeasors who are strictly liable and tortfeasors who are liable for negligence. Not only do these decisions represent the trend in modern legal thought, but they also reflect the better view.

This result is not in conflict with policy considerations which support strict liability for defective products. Strict liability was intended to benefit injured consumers. See: *Azzarello v. Black Brothers Co.,* 480 Pa. 547, 553, 391 A.2d 1020, 1023–1024 (1978); *Miller v. Preitz,* 422 Pa. 383, 419–420, 221 A.2d 320, 338 (1966) (Roberts, J., concurring and dissenting). It was designed to enhance the consumer-plaintiff's chances of recovery by eliminating the burden of proving the manufacturer's negligence. See: *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 93, 337 A.2d 893, 898 (1975). Strict liability was based upon a policy determination that, as between an innocent consumer and a manufacturer of a defective product, the manufacturer should bear the loss. See: *Miller v. Preitz, supra* 422 Pa. at 410, 221 A.2d at 334 (Jones, J., concurring and dissenting). The focus of strict liability, therefore, must be upon the relationship existing between the plaintiff-consumer and the defendant-manufacturer. *Berkebile v. Brantly Helicopter*

*Corp., supra* 462 Pa. at 93, 337 A.2d at 898. The focus of the Uniform Contribution Among Tortfeasors Act, on the other hand, is upon the relationship between tortfeasors after a determination has been made that they are jointly liable for the plaintiff's injury. Thus, it is only after plaintiff's loss has been assessed against joint tortfeasors and the policy goals of strict liability have been satisfied that the Act achieves significance. It then seeks to achieve an equitable apportionment of that loss among all tortfeasors who have contributed to the loss. By permitting a tortfeasor found strictly liable to recover contribution from a negligent joint tortfeasor we merely effectuate the Uniform Act's goal of achieving equity between tortfeasors without subverting policies of strict liability.

In addition to the claim for contribution, the complaint filed by the appellant-manufacturer against the appellee-additional defendants in this case contained an averment that the additional defendants were liable over to appellant for indemnification. This indemnity claim was also dismissed by the trial court. Although, as we have indicated, it was error to deny the appellant-manufacturer's right to seek contribution, we conclude that dismissal of appellant's claim for indemnification was proper.

"Indemnity, a common-law equitable remedy, shifts the entire loss from one defendant to another." *Burch v. Sears, Roebuck and Co.*, 320 Pa.Super. 444, 456, 467 A.2d 615, 622 (1983). It is " 'recognized in cases where community opinion would consider that in justice the responsibility should rest upon one [defendant] rather than the other.' " *Id.*, 320 Pa.Superior Ct. at 457, 467 A.2d at 622, quoting W. Prosser, *Law of Torts* 313 (4th ed. 1971). In general, indemnity is available to those who are secondarily or vicariously liable from those who are primarily liable. *Builders Supply Co. v. McCabe*, 366 Pa. 322, 77 A.2d 368 (1951).

■ In the instant case, the averments of appellant's complaint do not establish a legally recognizable claim for indemnity against the additional defendants. Appellant has

been unable to demonstrate error in the trial court's dismissal of the general averment that the additional defendants were liable over to the appellant-manufacturer. This portion of the trial court's orders, therefore, will be affirmed.

For the reasons hereinbefore set forth, the portion of the orders of the trial court granting summary judgment on appellant's claim for indemnification is affirmed. The orders dismissing the joinder of additional defendants on grounds that they are solely liable to the plaintiff or jointly and severally liable with appellant are reversed. The case is remanded for further proceedings in accordance with the foregoing opinion. Jurisdiction is not retained.