542 A.2d 1056

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Paul Joseph Popovich, to the use of Aetna Casualty and Surety Company and American States Insurance Company, Appellees.

Argued March 23, 1988, before Judges Doyle and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Brian H. Baxter,* Senior Deputy Attorney General, with him, *Mark E. Garber,* Chief, Tort Litigation Unit,

and *LeRoy S. Zimmerman,* Attorney General, for appellant.

*Louis C. Long,* with him, *Louis B. Loughren* and *Gregory F. Buckley, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

OPINION BY SENIOR JUDGE BARBIERI, June 9, 1988:

This matter comes before us on appeal of an interlocutory order of the Washington County Court of Common Pleas. On February 2, 1987, the parties filed a Joint Petition for Review from the trial court's order of December 11, 1986, denying a motion for summary judgment brought by the Pennsylvania Department of Transportation (DOT). Prior to filing the joint petition, DOT had filed a motion with the trial court asking it to certify the interlocutory order for appeal pursuant to Section 702(b) of the Judicial Code, 42 Pa. C. S. §702(b). The trial court denied the motion. By order dated February 11, 1987, we found that the issue raised in the Joint Petition for Review involved a controlling question of law which would have a significant impact upon litigation in this Commonwealth. We therefore granted the petition, staying all proceedings in the trial court until the resolution of the summary judgment issue.

On July 4, 1983, Joseph Popovich, age 19, was operating his father's vehicle on Route 19, in Peters Township, Washington County, Pennsylvania. Shari Ann Balach, age 19, Gerald M. Carter II, age 19, and Caroline Reich, age 17, were all passengers in the vehicle. Popovich's vehicle struck a guardrail and crashed into a bridge abutment, killing Balach and injuring Carter and Reich. Shortly after the accident it was determined that Popovich had a blood alcohol level of .192, which is above the legal level establishing intoxication. Popovich

subsequently pled guilty to involuntary manslaughter in the death of Balach.

Actions were commenced against Popovich on behalf of Balach's estate and by Carter. Popovich joined DOT as an additional defendant in these actions, alleging that DOT was negligent in the erection and maintenance of the guardrails. Popovich's insurance carriers, Aetna Casualty and Surety Company (Aetna) and American States Insurance Company (American), settled the actions as well as Reich's claim which never reached the litigation stage. Aetna and American then commenced the instant action for contribution against DOT.

For purposes of its motion for summary judgment, DOT admitted it was negligent. By order dated March 2, 1985, the trial court held that Popovich's actions in connection with the accident were reckless.

On appeal, DOT contends that since its liability is based on negligence, it cannot be held responsible for contribution by a tortfeasor whose liability is based on recklessness. DOT incorrectly characterizes the action as one in which a reckless plaintiff is seeking to recover damages from a negligent defendant. DOT maintains that *Krivijanski v. Union Railroad Co.*, 357 Pa. Superior Ct. 196, 515 A.2d 933 (1986), is therefore dispositive of the issue. In *Krivijanski,* the Superior Court held that where the defendant's conduct is wanton and willful and the plaintiff's negligence is simple or ordinary, the Comparative Negligence Act (Comparative Act), 42 Pa. C. S. §7102,[1] may not be applied to reduce the award to the plaintiff according to its share of the liability.

---

[1] 42 Pa. C. S. §7102(b) states in pertinent part:
[w]here recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal *negligence* to the amount of causal *negligence* attributed to all defendants against whom recovery is allowed. (Emphasis added.)

We agree with the trial court that *Krivijanski* is not relevant to this case. This is a contribution action among joint tortfeasors and as such, the Uniform Contribution Among Tortfeasors Act, (Uniform Act), 42 Pa. C. S. §§8321-8327, is applicable.[2] The Uniform Act provides that a joint tortfeasor who has discharged the common liability or more than his pro rata share, may seek contribution from any other tortfeasor. 42 Pa. C. S. §8324(b).

The Pennsylvania Superior Court, in *McMeekin v. Harry M. Stevens Inc.*, 365 Pa. Superior Ct. 580, 530 A.2d 462 (1987) and *Svetz v. Land Tool Co.*, 355 Pa. Superior Ct. 230, 513 A.2d 403 (1986), and the Third Circuit Court of Appeals in *Rabatin v. Columbus Lines, Inc.*, 790 F.2d 22 (3rd Cir. 1986), have held that the Uniform Act permits contribution among strictly liable defendants and negligent defendants who have acted as joint tortfeasors. Discussing the policy behind the Uniform Act in *Svetz*, the Superior Court stated:

> The focus of the Uniform Act is on the relationship existing between tortfeasors rather than the manner in which several tortfeasors have been held liable to an injured claimant. [Citation omitted.] In Puller v. Puller, 380 Pa. 219, 221, 110 A.2d 175, 177 (1955), the Supreme Court observed that 'contribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done.' [Citation omitted.] Thus, a tortfeasor's right to receive contribution from a joint tortfeasor derives not from his liability to the claimant but rather from the equitable principle that once the joint liabili-

---

[2] DOT's reliance on *Merritt v. City of Chester*, 344 Pa. Superior Ct. 505, 496 A.2d 1220 (1985), is unfounded as that case, like *Krivijanski*, did not involve the issue of contribution.

ty of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other. It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff. So long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable under the Act to deny that party's right to contribution from a second tortfeasor who also contributed to the plaintiff's injury.

*Id.* at 238, 513 A.2d at 407.

In an attempt to distinguish *Svetz,* DOT notes that it deals with a negligent tortfeasor and a strictly liable tortfeasor, while the present case deals with a negligent tortfeasor and a reckless tortfeasor. DOT maintains that a strictly liable tortfeasor may seek contribution from a negligent tortfeasor because the former can be held liable even when exercising the highest degree of care. However, DOT argues that as a negligent tortfeasor it should not have to contribute to a settlement made by the insurance carriers of a tortfeasor whose conduct was reckless. We see no reason to permit contribution between a negligent tortfeasor and one who may be liable even having exercised the highest degree of care and to deny a similar right of contribution between a tortfeasor who has engaged in reckless conduct and another who is liable on the basis of negligence.

As the Superior Court noted in *Svetz* at 239, 513 A.2d at 408, "[c]ontribution is available whenever two or more persons are jointly or severally liable in tort, irrespective of the theory by which tort liability is imposed." As this is a contribution action, the focus is between Popovich and DOT as joint tortfeasors. Having discharged the common liability Aetna and American are therefore entitled to seek contribution from DOT

regardless of what theory of liability DOT and Popovich are held liable on for the torts committed against the plaintiffs.

Accordingly, the order of the trial court denying DOT's motion for summary judgment is affirmed.

ORDER

AND NOW, this 9th day of June, 1988, the order of the Washington County Court of Common Pleas, dated December 11, 1986, at No. 353 August 1985 A.D., denying the Pennsylvania Department of Transportation's motion for summary judgment is affirmed.

Jurisdiction relinquished.