**Woolf v. Dinbokowitz Marine Inc.**

*Howard S. Stevens,* for plaintiffs.
*Marvin O. Schwartz,* for defendant.
*Mark H. Scoblionko,* for additional defendant.

WALLITSCH, *J.,* July 8, 1993—On June 17, 1990, plaintiff William Woolf was injured when the motor in his fishing boat caught fire. The motor had previously been repaired by the defendant, Dinbokowitz Marine, Inc., and had been manufactured by the additional defendant, Outboard Marine Corporation.

Plaintiffs filed a complaint against Dinbokowitz and Dinbokowitz subsequently joined Outboard Marine seeking indemnity and contribution under the theories of negligence, strict liability, and breach of implied warranty. Outboard Marine has filed this motion for partial summary judgment contending that any claims by the plaintiffs directly against Outboard Marine are barred by both the applicable tort statute of limitations

and the applicable four year breach of warranty statute of limitations. Further, Outboard Marine contends that Dinbokowitz is not entitled to base a claim for contribution against Outboard Marine upon a breach of implied warranty. Lastly, Outboard Marine contends that Dinbokowitz is not entitled to indemnification from Outboard Marine because the issues of indemnification arise only between tortfeasors who are primarily and secondarily liable, not the situation here.

We agree with Outboard Marine that any claims by the plaintiffs directly against Outboard Marine are barred by the applicable statute of limitations. The accident involved in this case occurred on June 17, 1990. On June 12, 1992, plaintiffs filed their complaint against Dinbokowitz. On July 10, 1992, Dinbokowitz joined Outboard Marine as an additional defendant. All the parties agree that the motor involved in this incident was manufactured and sold by Outboard Marine more than four years prior to the incident on June 17, 1990. However, plaintiffs and Dinbokowitz contend that the statute of limitations for breach of warranty does not begin to run until after the breach is or should have been discovered. They contend that, although an action for breach of warranty must usually be commenced within four years after tender of delivery, if the warranty explicitly extends to future performance of the goods and discovery of the breach must await future performance, the cause of action must be commenced only within four years after the breach is or should have been discovered. For this proposition, they cite *Cucchi v. Rollins Protective Services,* 524 Pa. 514, 574 A.2d 565 (1990). Although this is a correct statement of the law, it is not applicable to the present fact situation. The Pennsylvania Supreme Court in *Cucchi* considered the nature of the transaction involved in that case, in-

cluding the fact that the plaintiffs paid an installation charge and monthly fees for service and maintenance of the burglar alarm system involved in the loss. Given the situation in that case, a fact pattern that is not existent in the present case, the court found that the statute of limitations began to run only when the breach was discovered.

The facts in this case are more similar to the facts in *Patton v. Mack Trucks, Inc.,* 360 Pa. Super. 1, 519 A.2d 959 (1986). The Superior Court found in that case, as we do here, that since there was not clear and unambiguous expression of an intent that the warranty should pertain to future performance, the statute of limitations is within four years of tender. Therefore, we grant Outboard Marine's motion for partial summary judgment and hold that there cannot be a direct recovery by the plaintiffs for the claim sounding in breach of warranty.

A more difficult issue is whether a contribution claim made by Dinbokowitz against Outboard Marine may be based on breach of implied warranty under the Uniform Contribution Among Tortfeasors Act, 42 Pa.C.S. §8322 et seq. This court has not been directed to any appellate case in the Commonwealth of Pennsylvania which deals directly with this issue.

We first note that the Pennsylvania Superior Court, in *Salvador v. Atlantic Steel Boiler Co.,* 224 Pa. Super. 377, 386, 307 A.2d 398, 403 (1973), *affirmed,* 457 Pa. 24, 319 A.2d 903 (1974), cited a learned treatise of Dean Prosser as follows:

"The action for breach of warranty was originally one ... sounding in tort and closely allied to deceit; and it was not until 1778 that the contract action was held to lie at all ... The conclusion from all this is obvious. If warranty is a matter of tort as well as contract,

and if it can arise without any intent to make it a matter of contract, then it should need no contract; and it may arise and exist between parties who have not dealt with one another. This was the same reasoning applied in *Debbis v. Hertz Corp.*, 269 F. Supp. 671 (D.Md. 1967), wherein the court stated: While breach of an implied warranty is basically a contract rather than a tort action, it, nevertheless, has roots which spring essentially from a tort background."

Further, the Pennsylvania Superior Court in *Svetz v. Land Tool Company*, 355 Pa. Super. 230, 513 A.2d 403 (1986), in discussing the policy behind the Uniform Contribution Among Tortfeasors Act, stated:

"The focus of the Uniform Act is on the relationship existing between tortfeasors rather than the manner in which several tortfeasors have been held liable to an injured claimant. ... It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff." *Id.* at 238, 513 A.2d at 407.

Further, the Superior Court in *McMeekin v. Harry M. Stephens, Inc.*, 365 Pa. Super. 580, 530 A.2d 462 (1987), *alloc. denied*, 518 Pa. 619, 541 A.2d 746 (1988), held that the Uniform Contribution Among Tortfeasors Act, as well as the Comparative Negligence Act of the Commonwealth of Pennsylvania, 42 Pa.C.S. §8321, et seq. is not geared only to negligence situations. The Superior Court cited *Svetz, supra,* and stated:

" 'Joint tortfeasors' are defined as two or more persons jointly or severally liable in tort for the same injury to persons or property...." 42 Pa.C.S. §8322.

This statutory language does not limit the right of contribution to tortfeasors who have been guilty of negligence. Contribution is available whenever two or more persons

are jointly or severally liable in tort, irrespective of the theory by which tort liability is imposed. The question, then, turns upon whether Dinbokowitz's claim for contribution under a theory of breach of implied warranty is a claim "in tort."

The Superior Court in *Svetz, supra,* also cited with approval the case of *Wolfe v. Ford Motor Company,* 386 Mass. 95, 434 N.E.2d 1008 (1982), which held that a statute granting the right of contribution among joint tortfeasors should be read to include tort-like liability for breach of implied warranty of merchantability. The Massachusetts Supreme Court held that the term "liable in tort" as used in their contribution statute,[1] a statute similar to Pennsylvania's, "is broad in scope and not suitable language for implying a narrow or restricted range of application within the framework of potential tort defendants."

The Court of Special Appeals of Maryland has also spoken to this issue. Citing Dean Prosser's colorful language that a claim under implied warranty is "a freak

---

1. The Massachusetts Contribution Statute, in pertinent part, reads as follows:

Section 1. (a) Except as otherwise provided in this chapter, where two or more persons become liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.

(b) The right of contribution shall exist only in favor of a joint tortfeasor, hereinafter called tortfeasor, who has paid more than his pro rata share of the common liability, and his total recovery shall be limited to the amount paid by him in excess of his pro rata share. No tortfeasor shall be compelled to make contribution beyond his own pro rata share of the entire liability.

hybrid born of the illicit intercourse of tort and contract," this court held that such claim is a "claim in tort" under the Uniform Contribution Among Tortfeasors Act. *Loh v. Safeway Stores, Inc.*, 47 Md. App. 110, 422 A.2d 16 (1980). We agree with the reasoning of these appellate courts and the commentary of Dean Prosser, therefore concluding that a claim for contribution may be made under a breach of implied warranty theory.

Lastly, Outboard Marine argues that it is entitled to summary judgment with respect to all claims by Dinbokowitz for indemnity since the relationship between them is not one of primary and secondary liability. Interestingly, both parties cite *Walton v. Avco Corp.*, 530 Pa. 568, 610 A.2d 454 (1992), to support their respective positions. We agree with Outboard Marine's reading of *Walton*. Since the only scenario imposing any liability on the part of Outboard Marine would be for Dinbokowitz to be found to have been negligent, Dinbokowitz would have "had [a] ... part in causing the injury." Therefore, there is a preclusion of any right to indemnification under *Walton*. Under the circumstances presented in this case, there simply can be no indemnification between Dinbokowitz and Outboard Marine and we grant Outboard Marine's motion for partial summary judgment on this issue as well.

## ORDER

Now, July 8, 1993, upon consideration of additional defendant's motion for partial summary judgment, and after consideration of the oral argument and briefs filed by counsel, it is ordered that the said motion for partial summary judgment is granted in part and denied in part in accordance with the accompanying opinion.