LILY HAYON *vs.* COCA COLA BOTTLING COMPANY OF NEW ENGLAND & another; ELI HAYON, third-party defendant.

Middlesex. April 4, 1978. — July 6, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Actionable Tort. Husband and Wife. Practice, Civil,* Parties. *Statute,* Construction.

A defendant in a tort action for injuries suffered by the plaintiff when an automobile which was operated by the plaintiff's husband came in collision with the defendant's truck was entitled to bring a third-party action against the plaintiff's husband where the action had not been disposed of by settlement or judgment prior to this court's decision in *Pevoski* v. *Pevoski*, 371 Mass. 358 (1976), giving retroactive effect to a previous decision abolishing the common law doctrine of interspousal immunity, and G. L. c. 231B applied to the third-party action against the plaintiff's husband for contribution as a joint tortfeasor. [646-649]

TORT. Writ in the Superior Court dated January 8, 1974.

A motion to dismiss a third-party complaint was heard by *Adams*, J., and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Cynthia J. Cohen* (*Philander S. Ratzkoff* with her) for Coca Cola Bottling Company of New England & another.

LIACOS, J. Lily Hayon (Lily) was a passenger on April 26, 1973, in an automobile which came in collision with a truck owned by the defendant, Coca Cola Bottling Company of New England (Coca Cola), then operated by the co-defendant, Kenneth S. Lindsay (Lindsay). The automobile was operated by Lily's husband, Eli Hayon (Eli). Lily commenced this tort action against Coca Cola and Lindsay by writ dated January 8, 1974. On June 27, 1974, a judge of the Superior Court, Middlesex County, allowed a motion brought by Coca Cola and Lindsay seeking to implead Eli as a third-party defendant. See G. L. c. 231, § 4B, repealed by St. 1975, c. 377, § 73 (effective July 1, 1975, *id.* § 164). Cf. Mass. R. Civ. P. 14, 365 Mass. 760 (1974) (effective July 1, 1974). On February 12, 1975, Lindsay, as third-party plaintiff, filed a complaint against Eli alleging that Eli had been negligent in the operation of the automobile in which Lily had been a passenger and that Eli's negligence had caused or had contributed to Lily's injuries. Lindsay asserted that if he were found liable to Lily, then Eli would be liable to Lindsay for contribution as a joint tortfeasor. Eli then moved to dismiss Lindsay's third-party action for failure to state a claim on which relief can be granted, urging as a ground therefor that Eli is the husband of Lily.

A judge of the Superior Court heard argument on Eli's motion to dismiss Lindsay's action, and allowed that motion in a memorandum of decision and order dated May 14, 1975. The judge reasoned that Eli was not liable to Lily because of the common law doctrine of interspousal immunity. The judge concluded that Eli could not be jointly liable with Lindsay, that Lindsay consequently could have no right to contribution against Eli, and that Lindsay thus had

no right to implead Eli. On December 29, 1975, we decided the case of *Sorensen* v. *Sorensen*, 369 Mass. 350 (1975), in which we held that in a tort action for negligence (a) arising from an automobile accident and (b) brought by an unemancipated minor child against a parent, the doctrine of parental immunity is abrogated to the extent of the parent's automobile liability insurance coverage. *Id.* at 352-353. On March 4, 1976, Lindsay filed a motion to vacate the dismissal of his third-party action against Eli, citing the *Sorensen* decision. Before argument on the motion, we decided, on July 9, 1976, the case of *Lewis* v. *Lewis*, 370 Mass. 619 (1976), in which we abrogated the doctrine of interspousal immunity in motor vehicle tort actions. *Id.* at 629-630. The motion was heard on September 14, 1976, following which the judge, on October 6, 1976, denied the motion. The judge expressed the view in a memorandum of decision that he was unsure whether *Lewis* should be given retroactive effect and, if it should, the extent of such effect. He reasoned, however, that Lindsay had no claim of contribution against Eli for the independent reason that the contribution statute, G. L. c. 231B, did not encompass contributions from a spouse of the plaintiff to a joint tortfeasor.

Shortly thereafter, on November 18, 1976, we decided in *Pevoski* v. *Pevoski*, 371 Mass. 358 (1976), that the principle of *Lewis* applies "to similar claims which have not been disposed of by settlement or judgment or by the running of the statute of limitations." *Id.* at 361. This holding as to the retroactive effect of *Lewis* prompted Lindsay to move for reconsideration of his motion to vacate the dismissal of his third-party action against Eli. The motion for reconsideration was denied on December 16, 1976. On December 28, 1976, the judge, pursuant to G. L. c. 231, § 111, and Mass. R. Civ. P. 64, 365 Mass. 831 (1974), stayed the proceedings in the Superior Court and reported the matter to the Appeals Court. We transferred the matter here on our own motion. G. L. c. 211A, § 10 (A).

The judge, in his report, stated his belief "that, as a matter of discretion, it would be in the interests of efficient judi-

cial administration to permit the third party action to go forward."[1] He concluded, however, that, as matter of law, Eli was entitled to dismissal. The reasons of the Superior Court judge are two in number: first, it was unclear to him whether the holding of *Lewis* applied to the case before him; and second, he believed that the contribution statute, G. L. c. 231B, did not apply. We need not dwell on the first reason; the state of uncertainty regarding the retroactive effect of *Lewis* was ended by *Pevoski*.[2] The instant case has not been settled, nor has it gone to judgment, nor does the statute of limitations present a bar. *Pevoski* v. *Pevoski*, *supra* at 361. Cf. *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 88-89 (1967) (plaintiff may add or substitute defendant after running of statute if the original cause of action had been timely commenced and no new causes of action had been introduced); Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974); G. L. c. 231B, § 3. The common law doctrine of interspousal immunity therefore does not protect Eli from liability to Lily arising from the motor vehicle accident.[3]

The only question remaining is whether the contribution statute, G. L. c. 231B, applies to the instant case. The judge

---

[1] A motion by Lily to add Eli as a party defendant in the original action was allowed by consent on November 8, 1976. Eli's motions to vacate that order and to dismiss were denied by a different judge on January 25, 1977, and he subsequently filed notices of appeal. Lindsay maintains before us that although the addition of Eli as a defendant theoretically achieves the same effect as Lindsay's suit for contribution — ensuring that Lindsay will only be liable for his pro rata share of any recovery — Lindsay should be permitted to maintain his own suit "to protect himself against possible discontinuance of the plaintiff's action against Eli or the plaintiff's failure to enforce her execution against her husband." These procedural circumstances do not in any way affect the substantive issues before us, and we think it appropriate to dispose of the issues within the context in which they are now presented.

[2] The accident in *Pevoski* occurred on August 8, 1971, prior to the accident in the instant case.

[3] The judge did not rest his order of October 6, 1976, on the retroactivity question. His refusal to reconsider that order following the *Pevoski* decision may, therefore, have been based entirely on his determination of the second issue, discussed *infra*.

reasoned as follows: (1) prior to the enactment of c. 231B a plaintiff could choose among joint tortfeasors, any one of whom might be liable for the whole amount of the plaintiff's damages without a right to contribution; (2) at the date on which c. 231B became effective, January 1, 1963, the common law rule was that a spouse could not be a tortfeasor with respect to his or her spouse; (3) because the right to contribution was created by the Legislature, that right is limited to its meaning and scope as of the time of its creation; (4) therefore, the doctrine of the *Lewis* and *Pevoski* decisions, creations of the judiciary rather than of the Legislature, cannot expand the scope of c. 231B beyond its reach in 1963.

We think that this reasoning is in error. General Laws c. 231B, § 1 (*a*), inserted by St. 1962, c. 730, § 31, creates and defines the "right of contribution." It states: "(*a*) Except as otherwise provided in this chapter, where two or more persons become jointly *liable in tort* for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them" (emphasis added). In determining which persons may become jointly liable in tort — a group also designated by the term "joint tortfeasor" in other sections of the statute — we must attempt to ascertain and carry out the intent of the Legislature. *Baker Transp., Inc.* v. *State Tax Comm'n*, 371 Mass, 872, 877 n.11 (1977). To that end we examine the whole statute with attention to the language used, the evil to be remedied, and the object to be accomplished by enactment. *New York Cent. R.R.* v. *New England Merchants Nat'l Bank*, 344 Mass. 709, 713 (1962). It is plain that the evil to be remedied was the unfairness of allowing a disproportionate share of the plaintiff's recovery to be borne by one of several joint tortfeasors, and the object to be accomplished was a more equitable distribution of that burden among those liable in tort for the same injury. Although a statute in derogation of the common law is to be strictly construed, the construction adopted should advance rather than defeat the purpose of

the statute. *Vallin* v. *Bondesson*, 346 Mass. 748, 753 (1964). The term "liable in tort," as used in § 1 (*a*) to create and define the statutory right of contribution, is broad in scope and not suitable language for implying a narrow or restricted range of application within the framework of potential tort defendants. It would therefore be contrary to the general legislative purpose to freeze c. 231B within the specific tort concepts of 1963. "Statutes framed in general terms commonly look to the future and may include conditions as they arise from time to time not even known at the time of enactment, provided they are fairly within the sweep and the meaning of the words and falling within their obvious scope and purpose." *Commonwealth* v. *Welosky*, 276 Mass. 398, 403 (1931), cert. denied, 284 U.S. 684 (1932).

We conclude that G. L. c. 231B applies to the third-party action of Lindsay against Eli for contribution as a joint tort-feasor, and that the common law doctrine of interspousal immunity presents no barrier to that action or to the addition of Eli as a party defendant in the original action. We therefore order that the judge's dismissal of Lindsay's third-party action against Eli be vacated. The case is remanded to the Superior Court for further proceedings.

*So ordered.*