■ In the Matter of WILLIAM K. HATCH, on Behalf of ANGELA J., Appellant, v CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (And Two Other Related Proceedings.) [605 NYS2d 428] —White, J. Appeals from three orders of the Family Court of Cortland County (Mullen, J.), entered April 10, 1992 and September 8, 1992, which, *inter alia,* denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, seeking to allow Angela J. to have visitation with her siblings.

The issue on these appeals is whether Family Court erred in denying a sibling visitation rights with her brother and sister who have been adopted. It is now recognized that the severance by adoption of the existing emotional ties between children and their parents, siblings and grandparents may be harmful to the children and that it may be beneficial to provide for visitation after adoption (Nathan, *Visitation After Adoption: In the Best Interests of the Child,* 59 NYU L Rev 633 [1984]). This concept has not been widely embraced in New York. The Court of Appeals has noted that "[a]lthough adoptive parents are free, at their election, to permit contacts between the adopted child and the child's biological parent, to judicially require such contacts arguably may be seen as

threatening the integrity of the adoptive family unit" *(Matter of Gregory B.,* 74 NY2d 77, 91). This has led one commentator to remark that "[i]n the absence of consent from the adoptive parents, the courts apparently do not have the authority to compel continuing post-adoption contacts with members of the biological family" (Scheinkman, 1992 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 117, C117:1, 1993 Pocket Part, at 127). Despite these misgivings, it appears that Domestic Relations Law § 71 does provide the courts with authority to grant postadoption visitation rights.

In cases where postadoption visitation has been granted in New York, the child had established affectionate relations with the child's biological relatives. For example, in *Matter of Anthony* (113 Misc 2d 26), the child was 12 years old and knew the facts surrounding his adoption, had visited and maintained a relationship with his siblings over the years and strongly desired to continue his relationship with them. Likewise, in *Matter of Dana Marie E.* (128 Misc 2d 1018), the child was a 12-year-old who had substantial contact with her mother and had expressed an interest in continuing to see her *(see also, Matter of Patricia A. W.,* 89 Misc 2d 368).

Here, the adopted children were born in 1987 and 1988 and were placed in respondent's custody on November 21, 1988. Angela was born in March 1990, and was only about 19 months old when the extremely limited visitation between her parents and siblings terminated. As a consequence, these children never had the opportunity to develop any affectionate relations with each other. Accordingly, we concur with Family Court that postadoption visitation would not be in the best interests of any of these children *(see,* Nathan, *Visitation After Adoption: In the Best Interests of the Child,* 59 NYU L Rev 633, 636 [1984]).

Weiss, P. J., Mercure and Crew III, JJ., concur. Ordered that the orders are affirmed, without costs.