VALERIE DeGRENIER[1] *vs.* ANGELA REID.

No. 97-P-1824.

Berkshire. April 5, 1999. - September 23, 1999.

Present: PORADA, SMITH, & GREENBERG, JJ.

*Adoption,* Dispensing with parent's consent, Visitation rights. *Parent and Child,* Adoption. *Minor,* Adoption, Visitation rights. *Statute,* Retroactive effect.

In the circumstances of an adoption of two siblings which became final in 1993, the adoptive parent's decision in 1994 to forbid visitation by a third sibling was final, and the provisions of G. L. c. 119, § 26, pars. 3 & 4, inserted by St. 1997, c. 43, § 99, which operated to ensure sibling visitation, were not applicable retrospectively. [784-787]

CIVIL ACTION commenced in the Berkshire Division of the Probate and Family Court Department on January 18, 1996.

A motion to dismiss was considered by *Edward J. Lapointe,* J.

*Edmund R. St. John, III,* for the plaintiff.

*Thomas J. Donohue, Jr.,* for the defendant.

GREENBERG, J. The plaintiff was born in 1979. When she was eleven years of age, the Department of Social Services (department) obtained custody of the plaintiff and two siblings (a sister born in 1984 and a half-brother born in 1987) when a judge of the District Court found them in need of care and protection. For several years, the plaintiff and her siblings lived apart in separate homes. In 1992, the department filed petitions under

---

[1]The complaint involved in this appeal was filed, on January 18, 1996, by the Department of Social Services (department), on behalf of the plaintiff, a minor, who had been adjudicated in need of care and protection and was in the permanent custody of the department. On June 6, 1996, the department's counsel wrote to the Probate Court that the department had no interest in the case. The same private counsel who was appointed by the department represents the plaintiff in the appeal.

G. L. c. 210, § 3, to dispense with consent to adoption at a period when all three of the children were reunited in a single foster home. On October 28, 1993, the Probate Court entered a decree terminating the parental rights of the children's biological parents and approved an adoption plan submitted by the department which provided for adoption of all three children by the defendant. In November, 1993, just before the adoption of all three children was to be finalized, the plaintiff had a change of heart and asked that the defendant's petition for her adoption be denied. However, at that time, her sister and half-brother were adopted by the defendant in a closed adoption proceeding which culminated with termination of all visitation rights of the biological parents.[2] It does not appear from the scant record which the parties provide that the subject of sibling visitation was raised or otherwise addressed by the court at that time. Following her siblings' adoption, the plaintiff, who remained in the department's custody living in another foster home, had frequent visitation with her siblings with permission of the defendant. In December, 1994, the defendant forbade further visits "due to [the plaintiff's] physical, verbal and emotional abuse of [her siblings] including an, as yet, unsubstantiated allegation of sexual abuse."

On January 18, 1996, the department, as the plaintiff's guardian, brought the present complaint, claiming that the defendant terminated visitation "without cause or justification." The plaintiff alleged a "right" to visitation and sought injunctive relief. After a nonevidentiary hearing on November 26, 1996, a judge of the Probate Court, acting upon the defendant's pretrial motion, dismissed the complaint. The question presented is whether the plaintiff has any legally protected interest in post-adoption visitation in these circumstances.

Prior to July 1, 1997, which was the effective date of G. L. c. 119, § 26, pars. 3 & 4, inserted by St. 1997, c. 43, § 99, it was the rule that G. L. c. 210, § 3, permitted "a judge dealing with a petition to dispense with parental consent . . . [to] evaluate 'the plan proposed by the department' . . . in relation to all

---

[2]In contrast, "[a]n open adoption has been defined as one "in which the [biological] parents meet the adoptive parents, participate in the separation and placement process, relinquish all legal, moral, and nurturing rights to the child, but retain the right to continuing contact and to knowledge of the child's whereabouts and welfare." *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption,* 383 Mass. 376, 379 n.3 (1981), quoting from Baran, Pannor & Sorosky, Open Adoption, 21 Soc. Work, 97, 97 (1976).

the elements the judge finds are in the child's best interests, including parental visitation." *Petition of the Dept. of Social Servs. to Dispense with Consent to Adoption*, 392 Mass. 696, 702 (1984), quoting from G. L. c. 210, § 3(*c*). For future cases, the statutory authorization contained in the 1997 revision resolved the problem of sibling visits by providing: "The court shall, whenever reasonable and practical, and based upon a determination of the best interests of the child, ensure that children . . . have . . . visitation rights with, such siblings throughout the period of placement . . . or subsequent to such placements if the children or their siblings are separated through adoption . . . ." G. L. c. 119, § 26.[3]

Unfortunately for the plaintiff, the 1997 revision had no effect on her case, because the adoption of her siblings took place prior to the effective date of the statute. This statute has no retroactive effect, because the Legislature resolved not to include express provisions for that possibility.[4] What is more, this is not the type of case where "changes in the law alone would . . . justify re-opening the [final] judgment." *Galvin* v. *Welsh Mfg. Co.*, 382 Mass. 340, 344 (1981). Here, the decree of adoption of the plaintiff's siblings became final before the statutes were revised. Similarly, the hearing on the defendant's motion to dismiss concluded on November 26, 1996, and the judgment dismissing the complaint entered on January 7, 1997, six months before the effective date of the statute.

---

[3]The 1997 revision assures sibling contacts "whenever reasonable and practical" throughout the entire out-of-home placement experience, extending to postadoption contact, "based upon a determination of the best interests of the child[ren]." G. L. c. 119, § 26, as inserted by St. 1997, c. 43, § 99. The added language further requires that these rights be implemented "through a schedule of visitations or supervised visitations" and that "[p]eriodic reviews shall be conducted, so as to evaluate the effectiveness and appropriateness of the visitations between siblings placed in care." *Ibid.* Finally, the new provisions of § 26 allow any child over twelve years of age to request visitation with her adopted siblings. *Ibid.*

[4]"Statutes framed in general terms commonly look to the future and may include conditions as they arise from time to time not even known at the time of enactment, provided they are fairly within the sweep and the meaning of the words and fall within their obvious scope and purpose." *Hayon* v. *Coca Cola Bottling Co. of N.E.*, 375 Mass. 644, 649 (1978), quoting from *Commonwealth* v. *Welosky*, 276 Mass. 398, 403 (1931), cert. denied, 284 U.S. 684 (1932). "But statutes do not govern situations not within the reason of their enactment" and spawned by circumstances wholly outside of the dominating purpose of those who framed and enacted them." *Commonwealth* v. *Welosky*, *supra.*

On appeal the plaintiff relies on *Petition of the Dept. of Social Servs. to Dispense with Consent to Adoption*, 392 Mass. 696, for the proposition that "[g]iven the 'broad, equitable powers' of courts in this area . . . [there is] no reason why a judge dealing with a petition to dispense with parental consent may not evaluate [the matter] . . . in relation to all the elements the judge finds are in the child's best interests . . . ." See *Youmans v. Ramos*, 429 Mass. 774, 782-783 (1999). If we assume, and we do not so decide, that as part of the adoption proceeding in 1994, the judge could have considered whether it was in the best interests of the two adopted children to visit with the plaintiff, that failing would not rise to anything resembling a cause of action against the defendant. The important point is that the defendant, as the adoptive parent, was entitled to rely on the adoption decree which severed all lawful connections between the plaintiff and her siblings. See *Adoption of Vito*, *ante* 349, 356 (1999) (where judge properly ordered postadoption visitation for biological parent where adoptive parents did not object).

The tensions between finality of an adoption, fair play to siblings, and the recognized importance of the sibling relationship, see *Care and Protection of Three Minors*, 392 Mass. 704, 714-715 (1984), are not easily reconcilable. Courts in other jurisdictions have dealt with the issue in similar cases. See *Secola v. Phillips*, 652 So. 2d 1259 (Fla. Dist. Ct. App. 1995); *Lihs v. Lihs*, 504 N.W.2d 890, 891 (Iowa 1993); *Matter of Wemark*, 525 N.W.2d 7 (Iowa Ct. App. 1994); *State v. Ken W.*, 3 Neb. App. 630 (1995); *Hatch ex rel. Angela J. v. Cortland County Dept. of Social Servs.*, 199 A.D.2d 765 (N.Y. 1993); *Farley v. Farley*, 85 Ohio App. 3d 113, 119 (1994); *Ken R. v. Arthur Z.*, 651 A.2d 1119, 1121 (Pa. Super. Ct. 1994). A majority of these courts have held that, absent legislation to the contrary, an adoptive parent's decision not to allow sibling visitation should remain inviolate, even if that decision is unwise. See *Weber v. Weber*, 362 Pa. Super. 262 (1987) (holding that a sibling lacks standing to maintain a partial custody or visitation action against both parents of a minor sibling). Contrast *Matter of Anthony*, 113 Misc. 2d 26, 32 (N.Y. Fam. Ct. 1982) (although New York statutes did not authorize the court to allow siblings postadoption visitation, the court relied upon its equity power to do so, in the best interests of the adopted child); *L. v. G.*, 203 N.J. Super. 385, 398 (1985) (holding that

"siblings possess the natural, inherent and inalienable right to visit with each other").

We agree that in the circumstances of this case, the adoptive parent's decision concerning postadoption visitation is final. As such, the adoption decree renders unavailable the relief plaintiff sought by her complaint. The judgment of dismissal is affirmed.

*So ordered.*