**In re Robert and Charlotte
TARDUGNO, Debtors.**

No. 00–44344–JBR.

United States Bankruptcy Court,
D. Massachusetts.

May 9, 2001.

John F. Davis, Boudreau, Mitchell & Davis, Andover, MA, for debtors.

Michael B. Feinman, Law Office of Michael B. Feinman, Andover, MA, for Doyle Lumber Co., Inc.

Matthew D. Rockman, Rockman & Kachajian, Northborough, MA, for Matthew D. Rockman, Chapter 13 Trustee.

## MEMORANDUM AND ORDER ON DEBTORS' AMENDED CLAIM OF EXEMPTIONS AND DEBTORS' MOTION TO AVOID JUDICIAL LIEN

JOEL B. ROSENTHAL, Bankruptcy Judge.

The parties appeared for hearing on the Debtors' Amended Claim of Exemptions, the objections of Doyle Lumber Co., Inc. ("Doyle") and the Trustee thereto, and the Debtors' Motion to Avoid Judicial Lien. The Debtors seek to avoid Doyle's judicial lien on their residence ("the Property"). The Trustee and Doyle object to the amount of equity the Debtors claim as exempt pursuant to § 1 of Chapter 188 of the Massachusetts General Laws. Resolution of the former requires resolution of the latter, thus positing before the Court the issue of whether a Chapter 7 bankruptcy debtor whose petition precedes a state homestead amendment increasing that exemption may invoke that amendment by amending the schedule of exemptions after the effective date of the amendment.[1] For the reasons set forth herein, the Court answers the question in the negative.

### I. Background

Briefly stated, the relevant history of this matter is as follows. The Debtors jointly filed a voluntary Chapter 13 petition for relief on August 10, 2000 ("the Petition Date"). The Debtors elected state law exemptions pursuant to § 522(b)(2) of the Bankruptcy Code ("the Code"). Adopting exemptions under the laws of Massachusetts, the Debtors claimed a $100,000.00 homestead exemption in the Property. The Debtors filed an amended schedule of claimed exemptions on February 15, 2001 claiming an exemption of $300,000.00 in the Property. The Debtors also moved to avoid Doyle's judicial lien claiming it impaired their homestead exemption. Doyle objected to the Debtors' amended exemption and the Debtors' lien avoidance motion. On February 20, 2001, the Court allowed the Chapter 13 Trustee's motion to convert the case to Chapter 7, and the Trustee was appointed in the case. The Trustee also objected to the Debtors' amended exemption claim, and the Court heard the matters together.

---

1. The circumstances of this case put before the Court an issue the Court declined to reach in an earlier matter. *See In re Haque,* 256 B.R. 352, 353 n. 1 (Bankr.D.Mass.2000).

At hearing, the Trustee asserted the claimed exemption contravened the plain language of § 522(b)(2)(A) allowing state law exemptions "applicable on the date of the filing of the petition" insofar as the $300,000.00 exemption the Debtors claim was not available until nearly three months after the Petition Date. Doyle supported the Trustee's position.[2] Despite conceding the homestead amendment contained language contrary to the Debtors' position, Debtors' counsel argued the Debtors were retroactively entitled to the increased exemption because the Petition Date was after the approval date of the homestead amendment, even though the Petition Date was before the effective date of the amendment. At the conclusion of hearing, Debtors' counsel stated a "groundswell" of concern existed amongst local bankruptcy practitioners on the issue of whether the homestead amendment was retroactive in effect. As such, counsel asked this Court for guidance, and the Court took the matter under advisement.

## II. Discussion

### A. The Massachusetts Homestead Statute

Prior to November 3, 2000, § 1 of Chapter 188 of the Massachusetts General Laws provided, in relevant part, that a homeowner could acquire "[a]n estate of homestead to the extent of one hundred thousand dollars" exempting the homestead estate, with some exceptions not relevant to this matter, "from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies." Mass.Gen.Laws ch. 188, § 1 (1995). As it has on many occasions over the last six decades, the Massachusetts legislature recently amended the homestead law increasing this exemption from $100,000.00 to $300,000.00. Mass. Gen.Laws ch. 188, § 1 (2000). The Governor of Massachusetts signed the act increasing the homestead ("the Act") on August 4, 2000. 2000 Mass.Legis.Serv. Ch. 174, § 3 (2000). Pursuant to the Constitution of this Commonwealth, "[n]o law passed by the general court shall take effect earlier than ninety days after it has become a law, excepting laws declared to be emergency laws and laws which may not be made the subject of a referendum petition." Mass. Const., Am. Art. XLVIII, Ref., Pt. I. The effective date of the Act, therefore, was 91 days after the Governor approved the Act on August 4, 2000, or November 3, 2000.

### B. The Exemption Objections

■ In this instance, Debtors' counsel urges the Court to focus on the approval date of the Act, as opposed to the effective date, in deciding whether the $300,000.00 exemption amount was "applicable [under Massachusetts law] on the date of the filing of the [Debtors'] petition." 11 U.S.C. § 522(b)(2)(A). In order to accept the Debtors' argument on this point, the Court would have to turn a blind eye to the plain language of the Massachusetts Constitu-

2. Doyle also advanced the alternative argument that Fourteenth Amendment Due Process protections prohibited the Massachusetts state legislature from enacting legislation that retroactively stripped Doyle of its lien on the Property. Doyle's counsel pointed out that liens in existence prior to a given homestead declaration are statutorily excepted from the homestead exemption, Mass.Gen.Laws ch. 188, § 1(2), and further hypothesized that the Massachusetts legislature included this exception in recognition of this issue. Debtors' counsel, though, correctly noted that in bankruptcy the Constitutional issue Doyle raised has been put to rest in the First Circuit. *See Patriot Portfolio, LLC v. Weinstein (In re Weinstein)*, 164 F.3d 677, 681–82 (1st Cir.1999). This issue being resolved, the Court will not address Doyle's alternative argument further.

tion, the Act, and § 522(b)(2)(A) of the Code. To begin, the Massachusetts Constitution unequivocally mandates that, absent certain circumstances, newly approved legislation takes effect no sooner than 90 days after it has been signed by the Governor. Mass. Const., Am. Art. XLVIII, Ref., Pt. I. If, however, the legislature includes language in the preamble setting forth facts constituting an emergency, and the Governor signs the bill in that form, the law may take effect immediately. Mass. Const., Am. Art. XLVIII, Ref., Pt. II. Additionally, the Governor may give a law immediate effect by forwarding a letter to the Secretary of the State indicating the Governor's opinion that the immediate effect of a law is necessary on an emergency basis. Mass. Const., Am. Art. XLVIII, Ref., Pt. II. Therefore, for the Act to have been "applicable" on August 10, 2000, the date of the Debtors' petition, the Act must contain language indicating the need for the Act on an emergency basis, or the Governor must have taken steps to give the Act immediate effect.

Nothing in the record of this case or the legislative record of the Act indicate the Governor gave the Act immediate effect. Neither does the record indicate the legislature intended the Act as an emergency measure. On the contrary, the cursory preamble of the Act is devoid of any language giving credence to the suggestion the Massachusetts legislature drafted the Act as an emergency response measure. 2000 Mass.Legis.Serv. Ch. 174, Preamble; cf. e.g., 2000 Mass.Legis.Serv., Ch. 8, Preamble (declaring emergency and immediate need for act relative to MWRA bond cap); 2000 Mass.Legis.Serv., Ch. 10, Preamble (declaring emergency and immediate need for act increasing compensation of district attorneys); 2000 Mass.Legis.Serv., Ch. 11, Preamble (declaring emergency and immediate need for act relative

to executive compensation of Emergency Finance Board). Therefore, this Court resolves that the obvious conclusion is also the correct conclusion: The date on which the Act was effective as law was November 3, 2000, slightly less than three months after the Petition Date.

■ Having filed their petition after the effective date of the Act, the only way the Debtors may avail themselves of the increased exemption is if the Act is retroactive in effect. At hearing, Debtors' counsel suggested this possibility. The Court must disagree. Interpreting state law as would a court of this Commonwealth, as I must, see In re Ballirano, 233 B.R. 11, 14 (Bankr.D.Mass.1999), I hold the Act is not retroactive in application. In deciding whether a statute is retroactively or prospectively applicable, Massachusetts courts consider the whole statute, see Commonwealth v. Bruno, 432 Mass. 489, 735 N.E.2d 1222, 1229 (2000), and a statute will generally be found to be prospective in application "unless, of course, the legislature mandates that the statute apply retroactively." Turner v. Greenaway, 391 Mass. 1002, 459 N.E.2d 821, 823 (1984); see also Draleau v. Ctr. Capital Corp., 49 Mass.App.Ct. 783, 732 N.E.2d 929, 932 n. 8 (2000) (citing Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1, 3, 107 N.E. 426 (1914); Hoffman v. Howmedica, Inc., 373 Mass. 32, 36, 364 N.E.2d 1215 (1977)) (stating civil statutes treated as prospective absent clear legislative direction to contrary); Degrenier v. Reid, 47 Mass.App.Ct. 783, 716 N.E.2d 667, 669 (1999) (holding statute prospective in absence of legislative retroactivity provision). Cf., Donovan v. Fafard Real Estate and Dev. Corp., 2000 WL 16766, *4 (Mass.Super.Ct. December 23, 1999). The legislative language of the Act does not support the proposition the Massachusetts legislature intended the Act to apply retro-

actively. Mass.Legis.Serv. Ch. 174. The language of the Act, *a fortiori,* supports the exact opposite conclusion because it expressly subordinates the increase inuring from the amendment to interests predating the amendment. Mass.Legis.Serv. Ch. 174, § 3. In the absence of any clear directive from the Massachusetts legislature to the contrary, this Court holds the Act is prospective in application only and, therefore, was not the applicable law in effect on the date of the Debtors' petition. The Court therefore allows the Debtors an exemption in the Property in the amount of $100,000.00 as provided for by the Massachusetts homestead statute in effect on the Petition Date.

### C. The Debtors' Lien Avoidance Motion

■ Having decided the Debtors have an allowed exemption of $100,000.00 in the Property, the Court turns to the issue of whether § 522(f)(1)(A) of the Code permits the Debtors to avoid Doyle's lien. Doyle does not contest that the lien is of type subject to avoidance under § 522(f)(1)(A), so the Court need only address the issue of whether the lien impairs the Debtors' exemption. 11 U.S.C. § 522(f)(1). Using the values set forth in the Debtors' motion, the Court finds the Doyle lien does not impair the exemption in whole or in part. According to the formula set forth in the Code, the sum of all encumbrances on the Property, inclusive of the Doyle lien, and the Debtors' allowed $100,000.00 exemption total $309,000.00—a value $66,000.00 less than the Debtors' own fair market value assessment of the Property. 11 U.S.C. § 522(f)(2)(A); 11 U.S.C. § 522(a)(2). The Doyle lien, therefore, does not impair the Debtors' exemption because the sum of all liens and the allowed exemption does not exceed the value of the Debtors' interest in the Property absent any encumbrances.

### III. Conclusion

For the reasons set forth herein, the Court hereby SUSTAINS the objections of Doyle and the Trustee to the Debtors' Amended Claim of Exemptions. The Debtors' exemption in the Property is allowed in the amount of $100,000.00 pursuant to 11 U.S.C. § 522(b)(2) and Mass.Gen. Laws ch. 188, § 1 (1995). Furthermore, the Court DENIES the Debtors' Motion to Avoid Judicial Lien as to Doyle's lien on the Property.

SO ORDERED.