Houston, J.

INTRODUCTION

The plaintiff, Joseph J. Paonessa (Joseph), filed the underlying claim for personal injuries against defendants Cedarapids and Equipment & Systems for Industry, Inc. (ESI) alleging negligence, breach of warranty and violation of G.L.c. 93A. In addition, Joseph brought a claim for negligence against defendant Earth Recycling Corp. (Earth Recycling). Earth Recycling now moves for an order discharging it from this cause of action. For the following reasons, defendant Earth Recycling’s motion is DENIED.

BACKGROUND

Joseph was employed by John J. Paonessa Company (JJP), a construction company owned by his brother John J. Paonessa Sr. (John Sr.) and John Sr.’s family. Earth Recycling is a corporation that is owned and operated by John Sr.'s five children. At the time of the accident, Joseph believed he was working on behalf of Earth Recycling. Both JJP and Earth Recycling are located at 265 Corporate Way in Medford, Massachusetts.
In April of 1989 JJP purchased a Cedarapids model 2236 jaw crusher and associated equipment from ESI. The model 2236 jaw crusher came as part of a larger piece of equipment known as a Model 1142 portable plant (plant). The- plant was modified shortly after its purchase, including the removal of a wire mesh guard. Defendant Earth Recycling maintains that the Cedarapids crusher and the mechanical shovel used in the operation were owned, operated, and maintained by JJP. (Earth Recycling’s memo. p. 2.) Defendants ESI and Cedarapids contend that Earth Recycling leased the plant from JJP and that Earth Recycling’s employees maintained and/or operated the crushing plant and excavator. (Cedarapids’ memo, p. 1, 4.)
*603 Approximately one hour before the accident, Joseph and Paul Nicholson replaced the shovel teeth on the excavator bucket of the plant. Ultimately, one of the teeth-fell off the bucket and into the plant. The shovel tooth went into the jaw of the plant “and the tooth just bounced around inside until it wedged itself down and the jaw spit it out.” (Nicholson dep. Ex. 4, p. 34.) Upon being ejected from the machine, the tooth struck Joseph’s head.
The plaintiffs and defendant Earth Recycling reached a settlement agreement whereby Earth Recycling agreed to pay Joseph approximately $5,004.00 per year at the rate of approximately $417.00 per month for the remainder of Joseph’s life. This settlement agreement was intended to help Joseph pay the following four expenses: (1) Joseph’s health insurance premium: (2) Florence Paonessa’s health insurance premium until she qualified for Medicare; (3) Joseph’s gasoline credit card bill; and (4) Joseph’s fuel oil bill for heating his own house. This settlement agreement was approved by the court on or about May 6, 1999.
Earth Recycling contends that the settlement entered into between Earth Recycling and the plaintiffs was in good faith and that the settlement provides a fair and valuable benefit to the plaintiffs. Defendants Cedarapids and ESI argue that the settlement between Earth Recycling and the plaintiffs is unreasonable and entirely lacking in good faith.

DISCUSSION

General Laws c. 23 IB, §4 provides: “When a release ... is given in good faith to one of two or more persons liable in tort for the same injury: . . . (b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.” The legislative intent of General Laws c. 23 IB was to prevent collusion amongst settling parties and to encourage settlements. See Noyes v. Raymond, 28 Mass.App.Ct. 186, 190 (1990).[3]
To defeat Earth Recycling’s motion, ESI and Cedarapids have the burden of coming forward with some showing of a lack of good faith. See Noyes v. Raymond, supra at 191. ESI and Cedarapids contend that the settlement lacks a good faith basis for the following reasons: the familial relationship between the plaintiff and Earth Recycling had a bearing on the settlement negotiations; the settlement amount is low compared to Earth Recycling’s liability and plaintiffs damages; and Earth Recycling exposes the Paonessa family business to liability.
The plaintiffs are seeking $1,500,000.00 in compensation for the injuries Joseph sustained when the shovel tooth struck him. The total settlement between Earth Recycling and the plaintiffs has a present value of $44,351.45.[4] ESI and Cedarapids contend that Earth Recycling’s liability and the settlement amount are grossly disproportionate. ESI and Cedarapids argue that Earth Recycling was intimately involved with the maintenance and operation of the plant, and therefore, it is liable for the removal of the safety feature on the plant, the negligent installation of the shovel teeth, and the negligent operation of the plant. “The fact that the amount of a settlement is low in comparison to the plaintiffs estimate of her own damages, by itself, is, however, not material.” Noyes v. Raymond, supra, at 190. In the present case, however, the low settlement amount coupled with the affect of the family relationship on the substance and outcome of the settlement negotiations, evidences a lack of good faith.
Joseph testified at his deposition that at the time of the settlement, he understood that the case against Earth Recycling was worth a lot more than what they settled for, but that he settled because he did not want a family squabble. (Joseph Paonessa dep. p. 169-70.) There is no evidence to suggest that the plaintiffs settled with Earth Recycling based on the' uncertainty of the settling party’s liability, uncertainty regarding damages, or the general unpredictability of juries. Joseph admittedly made a decision to settle with Earth Recycling because of his belief that going to trial would cause problems within his family, despite his belief that he could obtain a better result by going forward with a trial.
Joseph provided the following relevant testimony during his deposition:
Q: Did your brother John Sr., did he give you any reason why it was important for Earth Recycling Corporation to be settled out of the case?
A: Well, we’re related.
Q: You didn’t want a family business involved in the lawsuit; is that right?
A: Didn’t want a family squabble.
Q: Do you think with Paul and John Jr. not talking to you and whatever else there might have been that the lawsuit was causing a family squabble?
A: I thought that it would lead up to one.
Q: Is that why you settled the case for the amount that you did?
A: Yes.
Q: To prevent a family squabble?
A: Yes.
(Joseph Paonessa dep. p. 168.)
The settlement was dictated by the Paonessa family’s desire to prevent a family conflict rather than a good faith consideration of the relevant liability of all parties. See Slocum v. Donahue, 44 Mass.App.Ct. 937, 938-39 (1998). Thus, this Court finds that the settlement agreement between the plaintiffs and Earth Recycling does not represent a good faith release and therefore, this Court DENIES defendant Earth Recycling’s motion for discharge.

*604
ORDER

It is hereby ORDERED that defendant Earth Recycling Corp.’s motion for discharge pursuant to G.L.c. 23IB, §4 be and hereby is DENIED.

 The court has defined the purpose of G.L.c. 231B as follows: “It is plain that the evil to be remedied was the unfairness of allowing a disproportionate share of the plaintiffs recovery to be borne by one of several joint tortfeasors, and the object to be accomplished was a more equitable distribution of that burden among those liable in tort for the same injury.” Bishop v. Klein, 380 Mass. 285, 294 (1980) (quoting Hayon v. Coca Cola Bottling Co. of New England, 375 Mass. 644, 648 (1978)).

 Earth Recycling alleges that it does not have liability insurance that would cover all or part of a judgment entered against the corporation. (Opp’n Ex. 7, p. 2.)