■ In the Matter of Daijuanna Priscilla M., an Infant. Priscilla M., Appellant; New York Foundling Hospital et al., Respondents. [735 NYS2d 544] —Orders, Family Court, New York County (Mary Bednar, J.), entered on or about December 11, 1998 and March 17, 2000, respectively, which, in proceedings arising out of petitioner biological mother's surrender of the subject child on condition that she be allowed post-adoption visitation, denied petitioner's application to vacate the surrender on the ground of fraud, and denied petitioner's application to enforce the condition of the surrender allowing for post-adoption visitation, unanimously affirmed, without costs.

Petitioner's claim of fraud is not supported by evidence showing that at the time the surrender agreement was negotiated and executed, the agency and adoptive mother had a present intent not to honor their promise of future visitation (*see, Lanzi v Brooks*, 54 AD2d 1057, 1058, *affd* 43 NY2d 778). Rather, the adoptive mother's withdrawal of her consent to visitation resulted from a change in circumstances attributable to petitioner's undisclosed drug abuse. Family Court expressly informed petitioner that the visitation rights contained in the surrender agreement were not necessarily enforceable and were subordinate to the best interests of the child. Petitioner, represented by counsel, was given the opportunity to adjourn the matter so that she could reconsider, but elected to proceed in a manner that was informed and voluntary. Family Court also properly refused to enforce the visitation provisions in the surrender agreement upon a finding that visitation would hamper the adoptive relationship and not be in the child's best interests at this time (*see, Matter of Hatch [Angela J.] v Cortland County Dept. of Social Servs.*, 199 AD2d 765; *cf., People ex rel. Sibley v Sheppard*, 54 NY2d 320, 328; *but cf., Matter of Gregory B.*, 74 NY2d 77, 91 [expressing doubt as to whether "open" adoptions can be judicially enforced]). The child, born in

December 1989, lived with petitioner in a group home only for the first year of her life. There has not been any visitation since November 1994, and petitioner did not always exercise her visitation rights. Petitioner's expert acknowledged that renewed visitation could present emotional risks to the child and be disruptive. Under these and other circumstances presented, Family Court properly rejected the expert's view that the risks of visitation would be obviated by the purported benefits of clinical mediation. We have considered petitioner's other arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.