MacLeod-Mancuso, Bonnie H., J.
BACKGROUND
This civil action is based upon a motor vehicle accident involving an automobile and an ambulance that occurred on November 22, 2001 in Newton, Massachusetts. The Plaintiff, Yan Zhao (“Zhao”), was the front seat passenger in a motor vehicle operated by her husband, Fei Song (“Song”); their two children were also in the vehicle. While proceeding through an intersection on a green light, the Song vehicle collided with an ambulance operated by Joshua Hanson (“Hanson”), an employee of American Medical Response of Massachusetts, Inc. (“AMR”). The ambulance was responding to an emergency and proceeded without stopping through the red light at the intersection. The Song vehicle failed to pull over or to stop as the ambulance approached. The vehicles collided, and Hanson was killed.
Zhao brought suit against AMR, seeking damages for personal injuries sustained in the accident. Song brought claims both individually and on behalf of their children for loss of consortium. AMR brought third-party claims for contribution under G.L. chapter 23 IB against Song (styled as counterclaims because of Song’s status as a consortium plaintiff). Song has been represented in these claims by Attorney George Clancy through Song’s insurer, and by Attorney Jefferson Boone (“Boone”) to the extent of Song’s uninsured interest. Boone also represents Zhao and Song in their capacity as plaintiffs in this action.
On February 15, 2006, in consideration of payment of the amount of$16,500, Ms. Zhao executed a release of all claims against Song, including any uninsured claims. Song has brought a motion for summary judgment on the contribution claim and has requested entry of separate and final judgment on the claim. AMR opposes summary judgment on the basis that the settlement was not made in good faith and was collusive. In support of his opposition, he points to the circumstance that the attorney, Boone, who represents Zhao as plaintiff also represented Song as a third-parly defendant in the contribution claim. The settlement negotiations in which Boone represented both parties resulted in payment of amounts to barely one-half of one percent of Zhao’s $3 million demand and a fraction of the $100,000 available insurance. These factors, AMR claims, raise substantial questions that preclude entry of summary judgment. This court agrees that further inquiry into the circumstances of the settlement of the contribution claim is warranted and therefore denies the motion for summary judgment.

DISCUSSION

Summary judgment may be granted only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction., 390 Mass. 419, 422, (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden by submitting affirmative evidence that negates an essential element of the opposing party’s *208 case or by demonstrating that the opposing party’s has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). In order to defeat the moving party’s motion, the opposing party must set forth specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. 17.
Song argues that, having entered into a good faith settlement with Zhao, he is entitled to be discharged from any contribution liability pursuant to the provisions of G.L. 23IB, §4, which provides that “(w]hen a release ... is given in good faith to one of two or more persons liable in tort for the same injury: . . . (b) [i]t shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.” AMR opposes summary judgment, asserting that several factors demonstrate the absence of good faith in the procuring of this settlement, including: the marital relationship of Zhao and Song; the representation of Zhao and Song by the same attorney (at least to the extent of Song’s uninsured exposure); and the dollar amount of the settlement ($16,500) in the context both of a $3,000,000 demand and Song’s $100,000 policy. These factors, added to the evidence of the extent to which Song’s own negligence may have contributed to the accident, AMR contends, are more than sufficient to raise a legitimate question as to the “good faith” involved in the procurement of the settlement.
Relying on the reasoning of the Appeals Court in Noyes v. Raymond, 28 Mass.App.Ct. 186 (1990), Song argues that the purpose of Chapter 23IB, §4(b), encouraging settlements, can only be achieved if motions for discharge based upon settlements are routinely allowed, with extended hearing on the question of good faith being the exception. This argument is valid as far as it goes, but must be tempered by the other purpose of the statute which is “to prevent collusion amongst the settling parties.” Noyes, at 189. The instant case, in this court’s view, presents one of those “exceptional” cases where a question regarding “good faith” exists. While AMR’s inquiry into that issue may ultimately be unavailing, that does not negate its right to inquire into the circumstances of the settlement on the basis of the factors it suggests create some doubt about the good faith of the parties.
In Rayon v. Coca Cola Bottling Co., 375 Mass. 644, 648 (1978), the Supreme Judicial Court discussed the general intent of G.L.c. 231B when creating and defining the right of contribution:
It is plain that the evil to be remedied was the unfairness of allowing a disproportionate share of the plaintiffs recovery to be borne by one of several joint tortfeasors, and the object to be accomplished was a more equitable distribution of that burden among those liable in tort for the same injury. (Emphasis added.)
The provisions of §4(b) must be construed and applied with that general purpose in mind. AMR has raised sufficient reason to question whether it is unfairly being asked to bear a disproportionate share of the burden. It may therefore conduct such limited discovery as may be necessary to address that concern.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Counterclaim Defendant, Fei Song’s Motion for Summary Judgment be DENIED.