Ricciardone, David, J.
INTRODUCTION
This action arises from an insurance coverage dispute related to a policy that MedStar Ambulance, Inc. (“MedStar”) obtained through Choice Insurance Agency, Inc. (“Choice”). MedStar avers that that policy (“the Choice policy”) was designed to duplicate a previous policy (“the Mahoney policy”) that MedStar obtained through Mahoney & Obara Insurance Agency, Inc. (“Mahoney”), and incorporated a drafting error included in the Mahoney policy.
MedStar brings tort and contract claims against Choice and Mahoney based on the alleged error that was included in both policies. Choice brings cross claims against Mahoney based on the alleged error in the Mahoney policy, insofar as it was duplicated in the Choice policy. Before the court is Mahoney’s Motion to Dismiss MedStar’s claims and Motion to Dismiss Choice’s cross claims. For the reasons that follow, the Motion to Dismiss MedStar’s claims will be ALLOWED and the Motion to Dismiss Choice’s cross claims will be ALLOWED in part and DENIED in part.
BACKGROUND
The following facts are taken from MedStar and Choice’s Complaints and are treated as true for the purposes of this motion only. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008). On September 3, 2004, MedStar obtained a commercial general liability insurance policy (“the Beriy policy”) through Beriy Insurance Agency, Inc. (“Berry”). The Berry pol *95 icy had a duration of one year, until September 3, 2005. It was a “claims made and reported” policy, which applied to liability claims made during the policy period. The Berry policy also had a “retroactivity date” of September 3, 2003, meaning that it would cover any liability claims made during the 2004-2005 policy period, if those claims arose from events that occurred on or after September 3, 2003.
Before the Berry policy expired, MedStar elected to obtain insurance coverage for the following year through Mahoney instead of Berry. Mahoney assured MedStar that its commercial general liability policy, for September 3, 2005 through September 3, 2006 (“the Mahoney policy”), would be identical to the Berry policy. The Mahoney policy was substantively identical to the Berry policy in all relevant respects except that the Mahoney policy included a retroactivity date of September 3,2004, instead of September 3, 2003 — meaning that claims brought in the 2005-2006 Mahoney policy period would not be covered if they arose from events that took place before September 3, 2004.
For the policy year between September 3, 2007 and September 3, 2008, MedStar obtained general commercial liability coverage through Choice. MedStar does not allege that Choice made any particular representations to it concerning the breadth of coverage offered by the Choice policy. MedStar does allege, however, that the Choice policy included a retroactivity date of September 3, 2004, thus excluding claims brought during the 2007-2008 policy period that arose from events that occurred prior to September 3, 2004.
On October 3,2007, MedStar was sued for wrongful death by Melissa Ferguson and Walter Jones (“the wrongful death action”). The wrongful death action was based on events that took place on June 18,2004, prior to the September 3, 2004 retroactivity date in the Choice policy. For this reason, MedStar could not rely on the Choice policy for liability coverage in connection with the wrongful death action.
Consequently, MedStar impleaded Mahoney and Choice as third-party defendants in the wrongful death action. MedStar asserted tort and contract actions against Mahoney and Choice, the essence of which rested on allegations that Mahoney was negligent in failing to provide MedStar with insurance coverage including a retroactivity date of September 3, 2003, as the Berry policy did, and in representing to MedStar that the Mahoney policy was identical to the Berry policy. MedS-tar asserted that Choice was also liable to the extent that the Choice policy incorporated Mahoney’s error.
On August 30, 2010, this court (Kenton-Walker, J.) allowed a motion by Mahoney to dismiss all of MedStar’s third-party claims against it. In ruling on the motion to dismiss, this court noted that “as Med-Star concedes . . . the 2005-2006 [Mahoney] policy would not have covered the [wrongful death] claims against it even if the retroactive date had been set at September 3, 2003, because the [wrongful death] claims were made and reported outside of the coverage period ... As such, Mahoney cannot be held liable to MedStar for damages resulting from the [wrongful death] claims because such claims would not have been covered regardless of Mahoney’s alleged negligence or breach of contract. See Rae [v. Air-Speed, Inc.,] 386 Mass. [187,] 196 [(1982)] (damages ordinarily measured by amount insured would have recovered had broker obtained proper coverage).”
The court added, “the present impleader action is not the appropriate mechanism to assert claims that are unrelated to the [wrongful death] action. See Mass.RCiv.P. 14(a). Given that MedStar cannot hold Mahoney liable for the [wrongful death] claims against MedStar in the underlying action, its third-party complaint against Mahoney must be dismissed.”
On October 8, 2010, MedStar filed a separate civil action against Mahoney and Choice, alleging substantially identical facts, and bringing substantially identical claims to its third-party claims in the wrongful death action. Choice submitted a cross claim against Mahoney, including claims for indemnification and contribution from Mahoney to the extent Choice is liable to MedStar as a result of Mahoney’s actions, and a claim based on Mahoney’s negligent misrepresentations to MedStar, on which Choice alleged it relied in obtaining the Choice policy.
DISCUSSION
1. Standard
‘While a complaint attacked by a motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlefment] to relief requires more than labels and conclusions. Factual allegations must be enough to raise the right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true.” Iannacchino, 451 Mass. at 636, quoting Twombly v. Bell Atl. Corp., 127 S.Ct. 1955, 1965 (2007).
2. Issue preclusion
Mahoney suggests that this court’s dismissal of MedStar’s third-party claims against Mahoney in the wrongful death action serves to preclude MedStar from relitigating them in this action. “For an issue to receive preclusive effect in a later proceeding under Massachusetts law, the following four elements must be present: (1) the issue sought to be precluded must be identical to that in the prior litigation; (2) the parties actually must have litigated the issue; (3) the judgment regarding the issue must have been binding and valid; and (4) the issue’s determination must have been essential to the judgment.” In re Baylis, 217 F.3d 66, 71 (1st Cir. 2000), citing Martin v. Ring, 401 Mass. 59, 61 (1987).
MedStar suggests that the dismissal in the wrongful death action was on procedural grounds, meaning that determination of the issue of Mahoney’s liability was not essential to the judgment in the wrongful death action.[3] Contrary to MedStar’s position, the *96 dismissal in the wrongful death action was a judgment on the merits of the claims dismissed. That decision tackled head-on the substance of MedStar’s claims against Mahoney, concluding that “Mahoney cannot be held liable to MedStar for damages resulting from the [wrongful death] claims because such claims would not have been covered regardless of Mahoney’s alleged negligence or breach of contract.”
Therefore the dismissal did not arise from a procedural defect that was unrelated to the substance of MedStar’s claims. Contrast Joseph R. Nolan & Laurie J. Sartorio, Tort Law, §24.6 n.4 (2005), citing Restatement (Second) of Judgments, §20 (1982) (“A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . .. when the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties . . .”).
Alternatively, MedStar argues that “dismissal of a complaint for failure to state a claim on which relief can be granted generally ought not to be an adjudication on the merits of the plaintiffs claim, but only upon the sufficiency of his pleading.” James W. Smith & Hiller B. Zobel, Rules Practice, §8.20 (2006). “[H]owever, where the court is so certain of the insubstantiality of the claim that it feels amendment would be futile, or if plaintiff... files a complaint essentially unchanged, the initial dismissal of the claim will act as a permanent bar.” Id. This rule requires that MedStar be precluded from re-litigating the same claims in this action that were dismissed in the wrongful death action.
Choice, on the other hand, stands on different footing than MedStar. Choice was not an adverse parly to Mahoney in the first action. On the contrary, Choice and Mahoney, as codefendants in the first action, offered defenses that were not adverse to one another. They each asserted that in obtaining the Choice policy and the Mahoney policy, respectively, they were not negligent.
For these reasons, Choice was not afforded a “full and fair opportunity” to litigate the issue of whether Mahoney’s negligence in obtaining the Mahoney policy, duplicated in the Choice policy, caused MedStar to suffer harm in the form of uninsured liability in the wrongful death action. See Fidler v. E.M. Parker Co., 394 Mass. 534, 541 (1985), quoting Restatement (Second) of Judgments, at §29.
Compare Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., Inc., 395 Mass. 366, 373 (1985). In a precursor case to Fireside, a consumer plaintiff brought claims against both Fireside Motors and Nissan Motor Corp. for negligence and breach of warranty. Fireside Motors and Nissan Motor Corp. offered defenses that were not adverse to one another. Fireside Motors settled the consumer plaintiffs claims, while Nissan Motor Corp. prevailed after trial. Fireside Motors then brought a claim for breach of warranty against Nissan Motor Corp., and Nissan Motor Corp. argued that the judgment in its favor on the consumer plaintiffs breach of warranty claims served to preclude Fireside Motors from relitigating the issue. The Fireside court disagreed, holding that “Nissan U.S.A. and Fireside were not adversaries in the [earlier] case.” Id.
So too here. Mahoney and Choice did not offer defenses that were adverse to one another in the wrongful death action. Contrast Restatement (Second) of Judgments, at §38, comment a, illustration 1 (co-defendants adverse where “each contend[s] that he was not negligent and the other was”). For these reasons, Choice is not precluded from relitigating the issue of whether Mahoney was negligent in obtaining the Mahoney policy on behalf of MedStar.
3. Common-law indemnification
“Indemnification ... is a common-law right available to one who is without fault, [and] compelled by operation of law to defend himself against the wrongful act of another.” Thomas v. EDI Specialists, Inc., 437 Mass. 536, 538 n. 1 (2002) (second alteration in original). “Indemnity is permitted only when the would-be indemnitee does not join in the negligent act.” Slocum v. Donahue, 44 Mass.App.Ct. 937, 939 (1998).
In obtaining the Choice policy on behalf of MedStar, Choice incorporated the alleged error in the Mahoney policy with respect to the retroactivity date. In so doing, Choice joined in the alleged wrong, and for this reason is not entitled to common-law indemnification from Mahoney.
4. Contribution
In its Motion to Dismiss, Mahoney relies exclusively on its theory of issue preclusion in arguing that Choice is not entitled to contribution. Mahoney takes the position that in order to be liable to Choice for contribution, Mahoney must share Choice’s liability to Med-Star, Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 524, 526-27 (1978), and that the court’s determination in the wrongful death action that Mahoney is not liable to MedStar is binding on Choice here.
First, as discussed above, the judgment in favor of Mahoney against MedStar in the wrongful death action does not have preclusive effect against Choice in this action. Second, it is not clear that Choice must show that Mahoney is liable to MedStar in order to be liable to Choice for contribution. Cases succeeding Westerlind “have unsettled the earlier view that contribution requires the accomplished joint direct liability of the contributing and receiving parties to the plaintiff.” LeBlanc v. Logan Hilton Joint Venture, 78 Mass.App.Ct. 699, 712 n.11 (2011), further app. review granted, 460 Mass. 1101 (2011).
Specifically, in Hayon v. Coca Cola Bottling Co. of New England, 375 Mass. 644, 649 (1978), contribution was expanded “to include a third-party defendant not sued for direct liability by the plaintiff.” LeBlanc, 78 Mass.App.Ct. at 712 n.11, citing Hayon, 375 Mass. at 649. In view of the LeBlanc court’s holding that direct liability to MedStar is not necessarily a prerequisite for *97 Mahoney to be liable to Choice for contribution, the Motion to Dismiss is denied as to Choice’s claim for contribution.
5. Negligent misrepresentation
“In order to recover for negligent misrepresentation a plaintiff must prove that the defendant (1) in the course of his business, (2) supplies false information for the guidance of others (3) in their business transactions, (4) causing and resulting in pecuniary loss to those others (5) by their justifiable reliance upon the information, and (6) with failure to exercise reasonable care or competence in obtaining or communicating the information.” Nota Constr. Corp. v. Keyes Assocs., Inc., 45 Mass.App.Ct. 15, 19-20 (1998).
Here, Mahoney supplied no information for the guidance of Choice. The retroactivity date in the Mahoney policy was not a representation designed to convey information of any kind. More importantly, it is manifestly clear that Mahoney did not intend that Choice would rely on the Mahoney policy in Choice’s business transactions. See Nycal Corp. v. KPMG Peat Marwick, LLP, 426 Mass. 491, 495 (1998) (“[RJecovery for negligent misrepresentation is limited to situations where the defendant knew that a particular plaintiff would rely on the defendant’s services”).
If more were needed, there is also serious question concerning whether the retroactivity date in the Mahoney policy constitutes “false” information. In summary, Choice has failed, in multiple respects, to state a claim for negligent misrepresentation on which relief can be granted.
CONCLUSION AND ORDER
For the foregoing reasons, Mahoney’s Motion to Dismiss MedStar’s claims is, in all respects, ALLOWED. Mahoney’s Motion to Dismiss Choice’s cross claims is ALLOWED to the extent the motion pertains to Choice’s claims for common-law indemnification and negligent misrepresentation. In all other respects, that motion is DENIED.

As an ancillary issue, the dismissal in the wrongful death action is presently under appeal. However, the dismissal remains a final judgment for the purposes of Issue preclusion; "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal.” O’Brien v. Hanover Ins. Co., 427 Mass. 194, 200 (1998). Furthermore, even if the judgment in the wrongful death action was not preclusive, MedStar’s action would still be subject to dismissal pursuant to Mass.R.Civ.P. 12(b)(9).